## Lehman et al. *versus* Howley

1. A rule of a Court of Common Pleas provided that upon a failure of a defendant in ejectment to file within a stated time an abstract of title or statement of facts upon which he relies, the plaintiff shall be entitled to a judgment such as is warranted by the facts set out in the abstract and statement which, under the same rule, he was required to file: *Held,* that it was within the power of the court to make and enforce such a rule.

2. To entitle the plaintiff to judgment under such a rule he must exhibit in his abstract a prima facie case based upon facts distinctly averred, and where, therefore, the plaintiff's abstract traced his title back to a deed of partition, but did not show title in the parties to said deed it was error in the court to enter judgment against the defendant in default of the latter filing the necessary statement.

October 4th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

[Lehman *v.* Howley.]

Error to the Court of Common Pleas No. 2, of *Allegheny county:* Of October and November Term 1880, No. 128.

Ejectment, brought December 31st 1879, by Martin Howley against Henry Lehman and T. H. B. Patterson, for a tract of land in the possession of Lehman as tenant of Patterson.

The præcipe contained a description of the property, and averred that the right of possession or title was in the plaintiff.

The writ was duly served on Lehman, for whom an appearance *de bene esse* was entered. A return of *non est inventus* was made as to Patterson. Within the proper time the plaintiff filed the following abstract of title in accordance with rules of court, which rules will be found set forth in the opinion of this court:

Thos. H. Hunter, Sheriff of Allegheny county, to Martin Howley. } Dated October 11th 1879. Acknowledged November 8th 1879. Recorded in the Prothonotary's Office, Court Common Pleas No. 2, Allegheny county, in Sheriff's Deed Book, vol. 4, page 472. For property described in præcipe. Sold on lev. fa. No. 152, October Term 1879, as the property of Jacob Daniel.

Isaac M. Pennock, for use of Martin Howley *v.* Jacob Daniel. } In the Court of Common Pleas No. 2, of Allegheny county, lev. fa. No. 152, Oct. T. 1879. Sur judgment No. 802, Apr. T. 1875.

Isaac M. Pennock, for use of Martin Howley *v.* Jacob Daniel. } In the Court of Common Pleas No. 2, of Allegheny county, No. 802, April Term 1875. Sci. fa. sur mortgage recorded in vol. 188, page 426, Recorder's Office of Allegheny county, to first Monday April 1875. June 2d 1875, judgment entered for $3142.67.

### MORTGAGE.

Jacob Daniel to Isaac M. Pennock. } Dated Sept. 3d 1874. Recorded Sept. 7th 1874, in Recorder's Office of Allegheny county, in Mortgage Book, vol. 188, p. 426. On property described in præcipe.

### ASSIGNMENT OF ABOVE MORTGAGE.

Isaac M. Pennock to Martin Howley. } Dated Sept. 19th 1874. Acknowledged same day. Recorded in Recorder's Office of Allegheny county, in Mortgage Book, v. 188, p. 428.

### DEED.

William Phillips to Jacob Daniel. } Dated December 1st 1858. Recorded September 8th 1864, in the Recorder's Office of Allegheny county, vol. 177, page 170. For property described in the præcipe.

[Lehman *v.* Howley.]
DEED OF PARTITION.

Between William Phillips, C. B. M. Smith } Dated   August   14th
   and John Brown.           } 1858.   Acknowledged
August 17th 1858.   Recorded August 23d in Deed Book, vol. 134,
357, in Recorder's Office of Allegheny county, in which deed
property described in præcipe is allotted to William Phillips.

The defendant having omitted to file the abstract or statement
required by the same rules, the plaintiff moved for judgment, when
the court made the following order :

"And now, to wit, April 17th 1880, it appearing to the court
that the defendant has failed to file an abstract of title and state-
ment of defence as required by the rules of court, and it further
appearing to the court, from the abstract of title and statement
filed by the plaintiff, that the plaintiff is entitled to recover the
premises described in the writ from the defendant, it is ordered
that judgment be entered in favor of the plaintiff and against the
defendant for the premises described in the writ, with costs."

The defendant took this writ and assigned this action of the
court for error.

*W. S. Wilson* and *J. S. Ferguson,* for plaintiff in error.—The
only appearance was *de bene esse.* Such an appearance does not
admit a "service agreeably to law." However, even if the rule did
apply, the judgment is erroneous, because it does not appear upon
the plaintiff's own showing that he was entitled to the possession
of the premises in dispute. The mere issuing of the writ implies
an adverse possession in the defendants. The plaintiff has not
alleged that he or any of those under whom he claims were ever
seised of the land in dispute. He does not aver that he and the
defendants claim under the same title and does not trace his title
back to a common source. Nor does he show title out of the
Commonwealth and vesting regularly in him. He does not allege
the defendant to have been a mere intruder. He did not, there-
fore, upon his abstract, make out such a title as would entitle him
to recover. The plaintiff must recover upon the strength of his
own title and not upon the weakness of the defendant's : Covert *v.*
Irwin, 3 S. & R. 288.

No Act of Assembly gave the court power in an action of eject-
ment to enter a judgment by default against a defendant who had
appeared. While the Act of March 21st 1806 directs that "the
defendant shall enter his defence, if any he hath, * * * before
the next term," it provides no penalty for not doing so. The
power of the courts where there has been an appearance and no
abstract or plea filed is limited by the Act of December 5th 1860,
Pamph. L. 44.

[*Lehman v. Howley.*]

*J. W. Over*, for defendant in error.—The plaintiff below, in his abstract, shows the title to have been in the parties under whom he claims for more than twenty-one years prior to the bringing of the suit, and in the præcipe and statement filed he avers that the right of possession or title to the premises were in him, and not in the defendants. The court below adjudged that the facts set forth by the plaintiff were sufficient to entitle him to judgment under the rule, and this court will not interfere, as " the Common Pleas courts are the most proper judges of the extent and application of their own rules:" Snyder *v.* Bauchman, 8 S. & R. 335.

The Courts of Common Pleas have not only general powers to make rules for the regulation of their practice, but express authority is given by various Acts of Assembly: Snyder *v.* Bauchman, *supra;* Vanatta *v.* Anderson, 3 Binn. 417; Act of June 16th 1836, Purd. Dig. 233, pl. 136; Act May 24th 1878, Pamph. L. 135. The power of the court in ejectment is not limited by the Act of December 5th 1860. This act is not mandatory, and it leaves it optional with the court to direct a plea to be entered in default of an appearance.

Mr. Justice STERRETT delivered the opinion of the court, October 18th 1880.

The rule of court under which the judgment was entered provides that " in all actions of ejectment hereafter brought, it shall be the duty of the plaintiff, either by himself, his agent or attorney, to file in the office of the prothonotary of this court, on or before the first day of the term to which the writ is returnable, a statement containing a description of the land, together with the number of acres and the proportion thereof which he claims, and an abstract of the title on which he relies for his recovery, whether the same be in writing or otherwise; and where the same is matter of record, a reference thereto. And the defendant shall plead " Not guilty," and enter his defence, if any he hath, for the whole or any part thereof before the next term ; and at the time of entering his plea he shall by himself, his agent or attorney, file a statement containing an abstract of the title or facts on which he relies for his defence, whether the same be in writing or otherwise; and where the same is matter of record, a reference thereto, together with a specification of so much of the plaintiff's title as he denies, and so much thereof as is not denied shall be deemed admitted, and at the trial, the evidence shall be confined to the facts respectively denied by the parties :" Rule 90, sect. 1.

" On failure of the plaintiff to file an abstract and statement as required by the first section of this rule, judgment of *non pros* shall be entered by the prothonotary on precipe of defendant's attorney, or the like judgment may be entered on motion in open

[Lehman *v.* Howley.]

court. The failure of the defendant to file the abstract and statement required by this rule shall be deemed a confession of the truth of the facts set forth by the plaintiff, and that he has no defence thereto. And thereupon, on motion in open court, the plaintiff shall be entitled to such judgment as may be warranted by the facts set out in the abstract and statement filed by the plaintiff:" Idem, sect. 2.

The power of the court to make and enforce such a rule as this cannot be doubted. The right to make rules for the regulation of their practice is included in the general powers of the courts of Common Pleas: Vannatta *v.* Anderson, 3 Binn. 417, and Snyder *v.* Bauchman, 3 S. & R. 335. But, in addition to this inherent authority, express power is given by the Acts of June 16th 1836 and May 24th 1878, the former of which provides that the courts of Common Pleas shall have full power and authority to establish such rules for regulating the practice thereof respectively and for expediting the determination of suits, causes and proceedings therein, as in their discretion they shall judge necessary and proper, provided that such rules shall not be inconsistent with the Constitution and Laws of this Commonwealth; and the latter declares that said courts shall have full power to make all necessary rules and regulations for the transaction of all business brought before them.

The rule under consideration is clearly not in conflict with any of the provisions of the Constitution, or the law relating to actions of ejectment, or any other Act of Assembly. It follows, therefore, that the court had full power and authority to adopt the rule. Its provisions are just and reasonable, and their enforcement will greatly expedite and facilitate the administration of justice by eliminating matters about which there is really no dispute, and thus narrowing the controversy to such questions as are actually involved in the case. When, as is frequently the case, the plaintiff in ejectment is required to show title out of the Commonwealth and then trace it down to himself through numerous mesne conveyances, judicial proceedings, &c., much time is often consumed to no good purpose, and frequently technical difficulties unexpectedly arise and impede a fair and speedy trial on the merits. The rule contemplates that the plaintiff's abstract will present facts which, if true, will warrant the court in adjudging that the right of possession or title is in him and not in the defendant; and if the latter appears but fails to file the required abstract, the facts properly averred by the plaintiff are taken to be true. The fact that the writ was properly served on the defendant Lehman, and so returned by the sheriff, gave the appearance *de bene esse* by his attorney full effect as a general appearance, and he was clearly in default in not filing the abstract and statement required by the rule. This entitled the plaintiff to judgment, provided it was warranted by the

[Lehman *v.* Howley.]

facts set out in his abstract and statement. The contention of the plaintiff in error is that a prima facie case, entitling the plaintiff to judgment, was not presented, and in this we think he is right. Upon his own showing it does not appear that the plaintiff below is entitled to possession of the premises in dispute. No principle is better settled than that a plaintiff in ejectment must recover, if at all, on the strength of his own title and not upon the weakness of the defendants: Covert *v.* Irwin, 3 S. & R. 283. The foundation of plaintiff's title, as exhibited by his abstract, is a deed of partition dated August 14th 1858, between William Phillips, C. B. M. Smith and John Bunn, by which the property in dispute was allotted to William Phillips, who, in December of the same year, conveyed the same to Jacob Daniel, who, in 1874, mortgaged the same to Isaac M. Pennock, who subsequently assigned the mortgage to the plaintiff below. It is further shown by the abstract that by proceedings on the mortgage, judgment was obtained and the premises were sold by the sheriff and duly conveyed to the plaintiff on October 11th 1879. Proper references are given to the records of the deed, mortgage and judicial proceedings which form the several links in the chain of title thus presented, but it does not appear from anything contained in the abstract how or from whom the parties to the deed of partition acquired title, or that they or any of the parties under whom the plaintiff claims were ever seised of the land in dispute or at any time in possession thereof; nor does it appear that the defendant below claims under the same title as the plaintiff, or that their titles have a common source. In short, assuming all that is presented by the abstract to be true, it fails to show title out of the Commonwealth and in the plaintiff or any of those under whom he claims. It is very clear that if all the facts set forth were proved on the trial of his action, he would not be entitled to a verdict. It is contended, however, that the statement in the præcipe that the right of possession or title is in the plaintiff and not in the defendant is a sufficient averment. It is certainly an unqualified assertion of title in himself, but it is a legal conclusion and not a statement of facts from which the court could say that the right of possession was in him and not in the defendant. The rule of court contemplates a brief statement of facts upon which the court may base its judgment. In other words, the plaintiff must exhibit in his abstract a prima facie case, based upon facts distinctly averred.

Judgment reversed and a *procedendo* awarded.