# Laura McGraw v. The Metropolitan Life Insurance Company of New York, Appellant.

*Insurance—Unsound health of insured—Question for jury.*

The question of the unsoundness of health of the insured at time of insurance is properly one for the jury, and the question having been fairly submitted on conflicting testimony will not be reviewed by the appellate court.

*Insurance—Insurable interest of niece—Question for jury.*

The insurable interest of a niece in the life of an uncle by whom she has been brought up and to whose support she has contributed may be properly submitted to the jury.

*Practice, Superior Court—Defense not raised below—Rule of court.*

When the question of insurable interest was not raised below, it will not be considered in the appellate court especially when such allegation is not part of defendant's affidavit as required by the rules of court of Allegheny county.

Argued May 7, 1897. Appeal, No. 189, April T., 1897, by defendant, from judgment of C. P. No. 1, Allegheny County, December T., 1895, No. 311, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Appeal from alderman. Before COLLIER, J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $118.13. Defendant appealed.

*Errors assigned* were (1) Refusal of binding instructions for defendant. (2) Refusal of defendant's second point, which point is as follows : " 2. The plaintiff being a niece of the insured and not living with him and having no expectation of benefit from the continuance of his life, had no insurable interest therein, and the verdict, therefore, should be for the defendant."

*W. K. Jennings,* with him *H. G. Wasson,* for appellant.— The burden to show an insurable interest was on the plaintiff : Singleton v. Ins. Co., 66 Mo. 63 ; Brady v. Ins. Co., 5 Kulp, 505; Lenig v. Eisenhart, 127 Pa. 59 ; Corson's Appeal, 113 Pa.

438; Seigrist v. Schmoltz, 113 Pa. 326; Aid Society v. Mc-Donald, 122 Pa. 324.

*Marron & McGirr*, for appellee.—Under our rules of court the entire defense must be set out in the affidavit, and no evidence will be heard outside of that.

In this case the question of insurable interest was not raised by defendant, nor was there any evidence offered by either side on this question.

The case of Corson's Appeal, 113 Pa. 438, cited by appellant, expressly recognizes the doctrine that where the beneficiary stands in loco parentis to the insured he may recover the insurance: Lord v. Dall, 12 Mass. 115.

The question of insurable interest is also discussed in Hendricks v. Reeves, 2 Pa. Superior Ct. 545.

OPINION BY REEDER, J., July 23, 1897:

This was an action upon an insurance policy for $108, upon the life of Adam Neal. The defenses were two—first, that he was not in sound health at the time of the issuance of the policy; second, that the plaintiff being a niece of the insured, not living with him, had no expectation or benefit from the continuance of his life, and therefore had no insurable interest. The error complained of is in submitting the case to the jury.

The question as to whether Adam Neal was in sound health or not was a question of fact which was fairly submitted by the court below to the jury, after the careful caution that "if the defendant has satisfied you at the time Adam Neal was insured he was not in sound health, then the plaintiff could not recover, because that is part of the policy, part of the agreement and understanding—that is the issue." The testimony as to his physical condition was contradictory, a number of witnesses testifying upon the one side that he could not have been in sound health at the time of the making of his application and the issuance of his policy; the other witnesses testifying that he was in sound health. This raised an issue of fact which could only be determined by a jury, and it was fairly submitted to them under proper instructions, and a verdict found in favor of the plaintiff.

It is alleged by the appellee that the second contention—

namely, that the plaintiff had no insurable interest in Adam Neal's life was for the first time urged in this court. This we have no method of determining. The appellant has not printed the pleadings and we have no opportunity therefore of examining them without going to the record. It, however, appears from the record (so far as the same is printed) that this proposition was not urged so far as we can discover in the court below, and is first heard of here. The charge of the court, in the first paragraph, states that the whole issue is as to whether Adam Neal was of unsound health or not when the policy was issued. There was no evidence offered by either side on this question. It appears, however, incidentally in plaintiff's testimony, that her father died when she was two and one half years old, that her mother married again, and that Adam Neal, the insured, who was her uncle, had raised her and had been a father to her all her life, that she had lived with her uncle until her marriage, and since her marriage next door to him, where he resided with his sisters, and that the plaintiff always helped to support them.

Upon this evidence the case was properly submitted to the jury, and they would have been justified in determining the question in her favor: Carpenter v. U. S. Life Ins. Co., 161 Pa. 9.

But there is another and more vital objection to the appellant's contention in this regard. The entire defense must be set out in the affidavit, and no evidence will be heard outside of that, is one of the provisions of the rules of court of Allegheny county; and, while the affidavit of defense is not printed, as it ought to have been, in the appellant's paper-book, yet an examination of the record itself discloses that this allegation is no part of the defendant's affidavit, and, therefore, it would have been improper for them to have introduced evidence upon that question at the trial in the court below without an amendment of the affidavit of defense, and, of course, the question therefore is not properly raised here.

Judgment affirmed.