# Wescott *v.* Crawford, Appellant.

*Ejectment—Rules of court—Evidence—Parol sale—Possession—Improvements.*

Where a rule of court provides that in an ejectment the parties shall file abstracts of title containing the facts on which they rely, and that at the trial the evidence shall be confined only to the facts denied, a defendant who has set forth in his abstract a written agreement as the basis of his title cannot, after he has admitted that the agreement will not sustain his title, offer evidence to show title by a verbal sale of the property followed by possession and valuable improvements. In such a case it is not reversible error for the court to refuse to admit in evidence the written agreement, inasmuch as the exclusion of it did the defendant no harm.

Argued Oct. 26, 1904. Appeal, No. 56, Oct. T., 1904, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. Term, 1902, No. 668, on verdict for plaintiff in case of Anna M. Wescott v. J. A. Crawford. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Ejectment for land in the twenty-sixth ward of the city of Pittsburg. Before KENNEDY, P. J.

At the trial the defendant offered in evidence a written article of agreement set forth in his abstract of title, dated February 1, 1902:

" Between Phillips & Mittenzwey estate of the county of Allegheny, and state of Pennsylvania, parties of the first part, and Horace G. Mehring of Pittsburg, Pennsylvania, party of the second part.

" Witnesseth, that the said parties of the first part, for the consideration hereinafter mentioned and contained, agree to sell and convey unto the said party of the second part, his heirs and assigns, all that certain plot of ground, at the foot of twentieth street, fronting on the Monongahela river, twenty-sixth ward, Pittsburg, Pa., 200 feet by 400 feet, more or less.

" All that certain contract with Armour & Co., of S. S., Pittsburg, Pa., as dumping ground, for the sum of $50.00 to be carried out by the party of the first part, the said party of the second part to receive the said sum of $50.00.

" In consideration whereof the said party of the second part agree to pay to said parties of the first part therefor, the sum of twenty-five thousand ($25,000.) dollars in the manner following, to wit: $500 on signing this agreement, $9,500 on delivery of deed. Balance to be secured by bond and mortgage on premises, $15,000 on or before August 1, 1902.

" And upon payment of the said sum, the said parties of the first part, will, at their own proper cost and charge, make, execute and deliver to the said party of the second part, a good and sufficient deed for the proper conveying and assuring of the said premises, in fee simple, free from all encumbrance, and dower, or right of dower, such conveyance to contain the usual covenants of Phillips & Mittenzwey estate, by deed of warranty.

" And it is further agreed by and between the said parties that possession of said premises shall be delivered to the party of the second part, his heirs or assigns, on the first day of February, 1902, until which time the party of the first part shall be entitled to have and receive the rents, issues and profits thereof.

" In witness whereof, the parties to this agreement have hereunto set their hands and seals, the day and year first above written.

              " MRS. MARY H. PHILLIPS.            [Seal]
              " Admx. JOHN O. PHILLIPS ESTATE.    [Seal]
              " WM. MITTENZWEY ESTATE.          · [Seal]

" Per       ANNA M. WESCOTT.
            " HORACE G. MEHRING.               [Seal]"

Objected to, (1) because it is void for want of proper parties, parties being the Phillips and Mittenzwey estate of the county of Allegheny, state of Pennsylvania, parties of the first part, and Horace G. Mehring, of Pittsburg, Pennsylvania, party of the second part; (2) because Anna M. Wescott is not shown to have had any authority to appoint her brother, by a transfer of his interest and conveyance of his interest, as an heir or by any agreement to convey; nor had she any authority as administratrix of her late father's estate to convey, or enter into an agreement to convey, the real estate of her late father, and she could not, and did not

bind herself in her own capacity, because the agreement shows
on its face that she was a married woman, and that her hus-
band does not concur or join in the agreement, and is other-
wise incompetent and irrelevant.

Mr. Rodgers: This offer to be followed by evidence that
Mrs. Wescott agreed, verbally, to put Crawford into posses-
sion, and that in pursuance to that he entered into posses-
sion and made improvements on the property worth in the
neighborhood of $25,000.   That the said Wescott knew of the
entry by Crawford on the premises, and knew of the improve-
ments being made from time to time, that she received a por-
tion of the purchase money; that she afterwards, as appears
by the plaintiff's abstract, issued an execution upon a judg-
ment against John Mittenzwey, her brother, a co-tenant, and
that the property was knocked down to the said Woodward at
sheriff's sale, and that he was in on the purchase and trustee
for Mrs. Wescott.   And also that John D. Mittenzwey knew
of the making of the contract already offered, the terms thereof,
and consented thereto, and that he knew of the entry by
Crawford under the agreement and the improvements being
made by Crawford from time to time.

Objected to as incompetent for the reason that Mrs. Wescott,
being confessedly a married woman, can be affected by the mat-
ters held as a ground of estoppel.

3. Because the agreement being void on its face, made by
parties that·could not bind the estate or themselves, or John
Mittenzwey and that they did not, in fact, bind the estate or
themselves or John Mittenzwey.   That defendant was bound
to know that he made his improvements at his peril.   Objec-
tions sustained.   Counsel for defendant excepts.   Exceptions
allowed and bill sealed. [1]

Counsel for defendant renewed preceding offer, adding
thereto the offer to prove that the husband of Mrs. Wescott
was present at time of the making of the agreement and as-
sented thereto, and he also agreed to give the defendant, Craw-
ford, possession of the property; and that in pursuance of that
agreement and that of Mrs. Wescott, possession was taken,
and that the husband had the same knowledge of the improve-
ments being made upon the property as offered to be proved
in the offer relating to his wife.   Objected to as incompetent.

Objections sustained.  Counsel for defendant excepts.  Exceptions allowed and bill sealed.  [2]

The court charged as follows:

[My instructions to you are that under the evidence in this case your verdict should be for the plaintiff.]  [3]

Verdict and judgment for plaintiff.  Defendant appealed.

*Errors assigned* were (1-2) rulings on evidence, quoting the bill of exceptions;  (3) the charge of the court.

*H. L. Castle* of *Stone & Stone*, for appellant, cited:  Eberly v. Lehman, 100 Pa. 542;  Henrici v. Davidson, 149 Pa. 323.

*J. M. Stoner*, with him *M. A. Woodward*, for appellee, cited: Goucher v. Martin, 9 Watts, 106.

OPINION BY MR. JUSTICE MESTREZAT, December 31, 1904:

The learned counsel for appellant, the defendant below, in their printed brief of argument say:  "In the argument of these cases, we will not waste any of the time of the court in attempting to uphold the writing attached to the affidavits of defense in these cases as a complete contract for the sale of the property therein designated, and which can be enforced as such in law.   The theory of the defendant is, that this was a verbal sale of property, followed by possession and valuable improvements, such as takes it out of the statute of frauds."

This statement of the appellant's position shows that his claim to the premises for which this action was brought is based on a parol sale followed by possession and valuable improvements, and not on the written contract of February 1, 1902, between the Phillips and Mittenzwey estates and Mehring, who subsequently assigned his interest in the agreement to Crawford. It is, therefore, clear that under the pleadings in the case the learned trial judge was right in excluding the offers of evidence which are the subject of the first and second assignments and in directing a verdict for the plaintiff, the appellee, which constitutes the third assignment of error.

The courts of common pleas of Allegheny county have a rule which provides, inter alia, as follows:  "In all actions of

ejectment . . . . it shall be the duty of the plaintiff . . . . to file in the office of the prothonotary of this court . . . . a statement containing a description of the land together with the number of acres and the proportion thereof which he claims, and an abstract of title on which he relies for his recovery whether the same be in writing or otherwise, and where the same is a matter of record, a reference thereto. And the defendant shall plead 'not guilty,' . . . . and at the time of entering his plea he shall . . . . file a statement containing an abstract of the title or facts on which he relies for his defense, whether the same be in writing or otherwise; and where the same is a matter of record, a reference thereto, together with a specification of so much of the plaintiff's title as he denies, and so much thereof as is not denied shall be deemed admitted; . . . . the case may then be ordered on the issue docket under the rule; and at the trial the evidence shall be confined to the facts respectively denied by the parties." This rule was before the court for consideration in Lehman v. Howley, 95 Pa. 295, when Mr. Justice STERRETT, delivering the opinion, said : " The power of the court to make and enforce such a rule as this cannot be doubted. . . . Its provisions are just and reasonable, and their enforcement will greatly expedite and facilitate the administration of justice by eliminating matters about which there is really no dispute, and thus narrowing the controversy to such questions as are actually involved in the case."

The appellee filed an abstract showing title in her to the premises in dispute. The appellant filed what he denominates an affidavit of defense, but which doubtless was intended for a statement, containing his abstract of title and facts, in which he sets forth that he relies for his defense on the appellee's abstract and the written agreement of February 1, 1902, by which the Phillips and Mittenzwey estates agreed to sell and convey the premises to Mehring, who assigned his interest in the contract to Crawford. He also avers in his statement substantially the execution of the agreement of February 1, 1902, and its assignment to him; that he took possession of the premises and made improvements thereon with the knowledge of, and without any objection by, the appellee; that he offered to pay the appellee the price called for in the agreement but she re-

fused to make him a deed, and that since the agreement was signed the appellee has not been in a position to make title to the property " free and clear of incumbrances."

The appellant concedes, as will be observed, that the agreement of February 1, 1902, is not " a complete contract for the sale of the property therein designated which can be enforced at law." He therefore abandons, on this appeal, the written contract between the Phillips and Mittenzwey estates and Mehring as a defense to the action brought by the appellee. In this view of the case the admission in evidence of the contract, which is the subject of the first two assignments, would not have shown title in him nor given him the right to the possession of the property, and hence the action of the court in excluding it did him no harm. It should be noticed in this connection that the agreement and the attached assignment were not offered for the purpose of sustaining " the theory of the defendant " that the appellee had sold the property to the appellant by a parol or verbal sale under which the latter now claims the property, but, so far as the record discloses, simply for the purpose of establishing a valid title to the premises in the appellant by the written contract. The appellant's admission of the invalidity of the agreement of February 1, 1902, fully justified the learned court in excluding the offer.

If, as is now claimed, the title to the premises passed from the appellee to the appellant by a verbal sale, the offer in its entirety was clearly objectionable under the pleadings in the case. Part of the offer might have been competent and relevant if contained in an offer by itself, but if admitted it would not have been sufficient to establish title to the property in the appellant. His statement set up the written contract on which he relied for his defense, and which he averred was followed by possession and valuable improvements made on the premises by him. There is no allegation or averment whatever in the statement that he claimed title by a parol or verbal sale. Hence the rule of the court below prevented the appellant from offering any testimony to show that he held the property by such title. This rule required the appellant to set forth in his statement " an abstract of the title or facts on which he relies for his defense, whether the same be in writing or otherwise." What is not alleged or set forth in the abstract or statement,

material to the issue, cannot be proved on the trial as a defense to the action. The defendant cannot set up in his statement a written contract as a defense and be permitted to prove on the trial a parol sale or any other defense. The purpose of the rule is to compel the parties to set forth their titles in their respective abstracts and statements so that, on the trial, each may be prepared to assert his own title and attack the disputed part of his adversary's title. The parties, therefore, must be confined on the trial of the cause to the allegations set out in the abstracts or statements. As the appellant here declared in his pleadings on the written agreement of sale as the foundation of his title, the rule excludes any evidence of a parol sale of the property, and compels the appellant to establish the existence of the written contract set forth in his statement of title. As suggested above, it would not have established title in the appellant if he had been allowed to show, as alleged in his abstract, that he had taken possession and made improvements, if he were not permitted to prove that it was in pursuance of a sale. The pleadings preventing him from proving a parol sale under which he admits he must claim title, if at all, he failed on the trial to show title in himself of the premises as a defense to the action, and the learned court below was right in directing a verdict for the appellee.

The judgment is affirmed.