Caputo et ux., Appellants, v. Mariatti et ux.

Argued March 6, 1934.

Before Trexler, P. J.,
Keller, Cunningham, Baldrige, Stadtfeld, Parker
and James, JJ.

*Joseph F. Tedesco,* and with him *Vosburg & Vosburg,* for appellants.

*S. U. Colbassani,* and with him *John J. Sirotnak,* for appellees.

Opinion by Trexler, P. J., July 13, 1934:

This case was an action of ejectment tried before Newcomb, P. J. The lots in question were formerly owned by Chester McKeel, who died in 1922, and his heirs conveyed the whole lot to Samuel Broadhead, who sub-divided the plot of ground and laid them out in four equal lots, each consisting of a frontage of 27½ feet and 100 feet in depth and placed stakes in the ground and made a deed to each of the four heirs of McKeel. Two of the said heirs severally immediately conveyed to the parties herein involved, one to the plaintiff and the other to the defendant.

Some time after they had purchased the lots, the parties decided to erect a fence between their lots and

in so doing followed the stakes placed in the ground by Mr. Broadhead, each of the parties erecting and paying the expense of one-half of said fence.

The court, in its charge to the jury, referred to the fact that the plaintiff claimed that his property was encroached upon by the defendant, the amount alleged being 6½ feet and stated that according to the conveyance given, there might be merit in the contention, but added that where two adjoining owners agree upon a boundary line and place stakes to make that boundary line, it is conclusive on them. It stated further that: ''The uncontradicted evidence here is that such a thing took place between Mr. Caputo on the one side and Mr. Mariatti on the other. Mr. Mariatti has so testified.''

The land was measured and stakes put in and each lot was 27½ feet and each daughter got a lot. When these parties erected a common fence, they followed the line that Broadhead had set out. There was a marking had of the property upon the ground. The erection of the fence was a joint act based upon the presumption that the staked line separating the properties was where the fence was to be placed.

The court below referred to the line which the parties used in erecting the fence and which had been set out by stakes, as a consentable line and it may be that in the general use of the word, this is correct. In law, however, the word is usually applied to a case where there was some prior dispute as to the line and the parties have adjusted their difficulties and agreed on a line. The case we are considering fits more readily into that class which decides that where a conveyance is about to be made and the parties go upon the ground and define the extent of land to be conveyed by indicating on the ground the boundaries, the line so fixed governs.

In the present case, as already appears, the parties

about to receive the land were shown upon the ground what they were respectively to get and stakes were driven which thereby became the markings or monuments on the ground showing the extent of each one's prospective holding. Entry was made in accordance thereto and a fence erected as stated and to such fence each contributed his share. Calls in a deed are always to be controlled by lines on the ground. If the sale is made by lines marked and ascertained on the ground at the time and the lines are staked and marked on the ground, such lines on the ground govern: Craft v. Yeaney, 66 Pa. 210; Blasdell v. Bissell, 6 Pa. 258; Dawson v. Mills, 32 Pa. 302; Willis v. Swartz, 28 Pa. 413; Norris v. Dalrymple, 18 Pa. Superior Ct. 287.

The point that defendant's abstract of title does not set forth any reliance on a consentable line, is without merit. In their plea and answer, they distinctly aver that the line in question was established as a fence line by Samuel Broadhead, the common grantor While there is no particular language used denominating the line as a consentable line, the averment is broad enough to cover the evidence offered by the defendant and even if it were not, the defect, if any, could have been cured by an amendment. See Philips v. Crist, 33 Pa. Superior Ct. 445, and Klick v. Gernert, 220 Pa. 503, 69 A. 1034, cited by the appellee.

The judgment of the lower court is affirmed.

PARKER, J., dissents.