## George W. Reiter v. James McJunkin, Appellant.

*Evidence—Division line—Province of jury.*

In an action of ejectment, offers of testimony as to the location of a boundary line of land are inadmissible if they assume that the determination of what was the recognized division line between the parties rested with the witnesses, and not with the jury. A witness, therefore, will not be permitted to testify that there was a " recognized division line."

*Evidence—Witness—Party dead—Ejectment.*

In an action of ejectment where the question in controversy is the location of a division line between farms, the defendant is incompetent to prove an agreement for a consentable line between himself and the plaintiff's grantor in the latter's lifetime.

Argued Oct. 23, 1899. Appeal, No. 13, Oct. T., 1899, by defendant, from judgment of Superior Court, April T., 1898, No. 42, affirming judgment of C. P. No. 3, Allegheny Co., Feb. T., 1894, No. 514, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ. Affirmed.

Ejectment for a tract of land in Plum township. Before KENNEDY, P. J.

The facts are found in the report of this case in 8 Pa. Superior Ct. 164, as follows:

This action is brought for the recovery of possession of a piece of land situate in Plum township. The parties, plaintiff and defendant, are the respective owners of farms adjoining each other in this township. The strip of land in dispute in this case, being about half an acre, lies along the dividing line between the two farms, the question being as to the location of the real or true division line.

The plaintiff claims it to be as fixed and located by the original patents and the location of that line, which he maintained is the true one, he claims to have shown clearly by the testimony of the surveyors, Cooper and Kuhn, and other witnesses.

The defendant claims that even if this line claimed by him is not identical with that of the patents, yet it has been recognized as the true division line between these farms for more than twenty-one years by the present owners and their predecessors in title, who have claimed and occupied the land up to the same on their respective sides for more than twenty-one years, and that his title to the land in controversy, being on the south side of this line, is complete, and he asks for a verdict from this jury.

Other facts appear from the report of this case in 173 Pa. 82.

The trial court rejected the following offers made by counsel for defendant:

I propose to show by William McJunkin that, during the time that Mr. Grubbs owned the farm now owned by Mr. Reiter, he, the witness, and Mr. Grubbs, recognizing the line in existence between them, cut timber, each on his own side of the line, and that the line recognized as existing between Mr. Grubbs's farm and the McJunkin farm is the line for which the defendant in this action now contends; this for the purpose of establishing and showing where the true line is.

I propose to prove by the defendant that, during the ownership of the Reiter farm by Mr. Grubbs, he, the defendant, and Mr. Grubbs mutually recognized the line now claimed by defendant as the true line between the two farms; and that in a conversation between the witness and Mr. Grubbs the white oak tree which the witness has just referred to was spoken of as being the line tree, and that Mr. Grubbs and he agreed to cut the tree down because it had been partially destroyed by lightning.

I now propose to prove by the defendant that during the time when Mr. Andrew Grubbs, now deceased, owned the farm now owned by Reiter, that he, Andrew Grubbs, went upon the ground with the witness, pointed out to him a line tree and showed him the line between the two farms, and that the witness and Mr. Grubbs agreed as to where that line was, not for the purpose of establishing a line, but for the purpose of showing what each of the parties recognized to be the true line between them.

Verdict and judgment for plaintiff which was affirmed in the Superior Court.

*Error assigned* was in affirming judgment of court of common pleas.

*J. McF. Carpenter*, for appellant.

*Jacob H. Miller* and *Archibald McBride*, for appellee.

OPINION BY MR. JUSTICE GREEN, January 2, 1900 :

The facts involved in the present contention are sufficiently set forth, together with the question arising upon them, in the opinion of this Court, when the case was here before, 173 Pa. 82. On the last trial in the court below the learned trial judge followed our ruling with great care and preciseness, and committed to the jury with perfectly correct instructions the very question stated by our late Brother WILLIAMS in the former opinion. The charge of the court was in exact compliance with our decision. Thus, the jury was instructed as follows: " There are two questions to be submitted for your determination, and in submitting them I follow strictly what I believe the instructions of the Supreme Court with reference to this case. And the first question is, whether the respective owners of these farms have agreed upon the location of the division line between the same as claimed by the defendant, built their division fence accordingly, and held and occupied respectively up to the fence, as their common boundary, for more than twenty-one years before this suit was brought. If you find that they have done so, in other words, if you determine this question in favor of the defendant,

he will be entitled to your verdict. But if you find they have not done so, in other words, if you determine this question against the defendant and in favor of the plaintiff, you will then inquire and determine the exact location of the warrant or patent line, and if you determine that to be as claimed by the plaintiff, you will find a verdict for him for the land in dispute, with six cents damages and costs. But if you determine the true location of this line to be as claimed by the defendant, you will simply find a verdict for the defendant." Nothing could be fairer than this, and the charge gave to the defendant every possible opportunity he could have, or claim to have, to get a verdict in his favor. The charge was in such absolute conformity with the opinion of this Court that we could not convict the trial judge of error without reversing ourselves. The jury rendered a verdict for the plaintiff, as another jury had already done. The discussion of the question, whether the verdict ought to have been rendered as it was upon all the facts, it is not for us to decide. It was the special function of the jury to decide it, as the question was one of pure fact, and we do not propose to consider the details of the testimony, or any of them. Such discussion is not within our legitimate province. This disposes of the fifth and sixth assignments of error.

The remaining assignments relate to the rejection of certain disputed offers of testimony. The first and third assignments have been effectively disposed of in the opinion of the Superior Court. They assume that the determination of what was the recognized division line between the parties rested with the witness and not with the jury. What was the "recognized" division line was the whole subject of the controversy, and as a matter of course to be determined by the jury alone upon all the testimony, and not by any one witness upon any or all the evidence. Both of the rejected questions required the witness to answer that there was a "recognized division line" which he certainly could not do. The second and fourth assignments are equally untenable. The witness, the defendant, was clearly incompetent under our act of 1887 to testify to the matters inquired of, as is so clearly pointed out in the opinion of the Superior Court. It is there tersely and forcibly said, "The right of Grubbs had passed to the plaintiff. Grubbs was dead. The defendant therefore was incompetent as a witness to prove an agreement for a

consentable line between him and Grubbs in his lifetime." As we find no error on the record the assignments of error are all dismissed.

Judgment affirmed.