## Dougal *v.* Woods, Appellant.

*Evidence—Witness—Party dead—Ejectment—General warranty* *deed—Act of May 23, 1887, Clause e, Section 5, P. L. 158.*

In an action of ejectment where the plaintiff claims under a general warranty deed duly recorded, and the defendant claims under an undated, unrecorded agreement between himself and the plaintiff's grantor under which agreement he had obtained possession of the premises in dispute, the defendant is an incompetent witness under clause e, Section 5, of the Act of May 23, 1887, P. L. 158, to testify as to facts occurring during the grantor's lifetime, inasmuch as the estate of the deceased grantor would under the general warranty be affected by the defendant's adverse testimony.

Argued April 19, 1915. Appeal, No. 153, April T., 1915, by defendant, from judgment of C. P. Greene Co., March T., 1912, No. 164, on verdict for plaintiff in case of Vaidnia Dougal and D. W. Dougal, her husband, v. George W. Woods. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Ejectment for land in Franklin Township. Before INGHRAM, P. J.

At the trial it appeared that plaintiffs claimed title under a general warranty deed duly recorded from Thomas E. Dougal. The defendant was in possession under an undated, unrecorded agreement made between himself and Thomas E. Dougal in the latter's lifetime.

When the defendant, George W. Woods, was on the stand objection was made to his competency. Thereupon his counsel made the following statement: "In view of the evidence already in and to support our theory we believe this witness is competent to testify to any matters concerning the payments on this property, in pursuance of this arrangement between Thomas E. Dougal and Wilbur Dougal, party of this suit.

"If the court is of the opinion that this witness is competent to prove anything other than the declarations of

Thomas E. Dougal, we will not offer him for that purpose; we offer him for the purpose of showing his payments under our theory. He has occupied this property in absolute good faith that he was the owner of it, and that he put valuable improvements upon it, and that it was not only treated by him, but by Thomas E. Dougal and Wilbur Dougal, party plaintiff here, as being the owner of this property, from the time he first moved into the property in 1903 until after the death of Thomas E. Dougal. This to support our theory that it is a fraudulent scheme on the part of the plaintiffs here to extract from this defendant the land in question.

"Objection: We object to the testimony of the witness in so far as it relates to matters happening prior to the death of Thomas E. Dougal.

"(By the Court.) We regard the witness as an incompetent witness. The testimony might be competent enough if proved by a competent witness. Mr. Woods being a party to the suit and Thomas E. Dougal being dead, we think he is not competent to testify to anything occurring in lifetime of Thomas E. Dougal.

"Ruling: The objection is sustained and exceptions sealed for the defendant." (1)

Verdict and judgment for plaintiffs. Defendant appealed.

*Error assigned,* among others, was (1) rulings on evidence quoting the bill of exceptions.

*T. H. Wilkinson,* with him *Carl J. Crawford,* for appellant.—Thomas E. Dougal's representatives were not parties to the suit and his estate was not effected by the evidence: Davis v. Hawkins, 163 Pa. 228; Vanhorne v. Clark, 126 Pa. 411; Patterson v. Cobb, 212 Pa. 572; Kyper v. Sheaffer, 42 Pa. Superior Ct. 277; Weaver v. Roth, 105 Pa. 408.

*Challen W. Waychoff,* with him *Roy J. Waychoff,* for

appellees.—The interest of the defendant, George W. Woods, in this case was adverse to the right of Thomas E. Dougal, inasmuch as the estate of the said Thomas E. Dougal was liable under the covenant of general warranty in said deed, if the plaintiff's title should fail: Rudolph v. Rudolph, 17 Pa. Superior Ct. 558.

OPINION BY ORLADY, J., October 11, 1915:

This action of ejectment resulted in a verdict for the plaintiff, which the court refused to disturb by granting a new trial.   Both parties claim title under Thomas E. Dougal, who died in 1910, this action being brought February 12, 1912.   The plaintiffs' claim under a deed dated August 6, 1901, and duly recorded, from Moore and wife and Thomas E. Dougal and wife.   The defense was an undated, unrecorded agreement, between Thomas E. Dougal and the defendant, alleged to have been made in 1902 or 1903, through which the defendant obtained possession of the premises in dispute.   On the trial certain testimony offered by the defendant, Geo. E. Woods, was excluded for the reason that he was a party to the action, and his alleged grantor being dead, under clause E, Section 5, of the Witness Act of 1887, he was incompetent.   There was a subsisting obligation on the estate of Thomas E. Dougal, under the general warranty in his deed to David Wilbur Dougal, and the testimony offered would be adverse to the right of such estate.   The interest of Thomas E. Dougal in the land had passed by proper conveyance to the plaintiff, and the testimony of the defendant was clearly within the class which is prohibited by the Act of 1887, as that of a surviving party to the thing in contract.   The testimony offered was competent, but the witness through whom it was offered was incompetent, and it was rightly excluded.

The case was carefully tried, and fairly submitted to the jury with reference to the agreements between Thomas E. Dougal and the defendant, the character of

172, (1915).]           Opinion of the Court.

his possession, and the repairs or improvements made by him. The fugitive conversations on which the defendant relied were very far from convincing, and we do not feel that the after discovered evidence was of such a degree as to have justified the court in granting a new trial. We do not find any reversible error in the record, and the judgment is affirmed.