Heere v. Taylor Hose Co. No. 1, Appellant.

562

Argued April 30, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*George Morrow,* for appellant, cited: Cote's Appeal, 79 Pa. 235; Pritts v. Ritchey, 29 Pa. 71.

*Jerome I. Myers* of *Tinkham & Myers,* for appellee, cited: McGarry v. McDermott, 207 Pa. 620; Levy v. Seadler, 272 Pa. 366.

OPINION BY BALDRIGE, J., July 10, 1930:

This is an action of a common law dower.

The plaintiff married George E. Heere, January 25, 1883, and lived in Reading until September 29, 1893, when he left her and went to Scranton. No divorce was granted, but on November 2, 1896, Heere married Barbara Wacha, and they lived together until his death, May 30, 1927.

On December 12, 1910, Rose Von Weisenfluh and her husband deeded two parcels of land, located in the Borough of Taylor, to George Heere and Barbara Heere, his wife. The consideration mentioned in the deed was $1,750. On June 22, 1911, George Heere and Barbara Heere, as his wife, for the same consideration, reconveyed the property to Rose Von Weisenfluh, who thereafter conveyed parts of this land to five different persons, who are now occupying it as their homes, as well as a portion thereof to the Taylor Hose Company, this defendant.

On April 5, 1897, the plaintiff wrote her husband, in part, "I have an absolute divorce from you, granted to me on 15 Oct. 1896, and that you are free and was free to marry her or anybody by law." Plaintiff contends however, that this letter was written under threats from her husband and was not her own act and will.

In passing, we might state that the evidence was insufficient to create an equitable estoppel, as this letter and another of similar character were written after the second marriage and did not, therefore, induce the husband to believe that he was free when the second marriage was contracted.

It is contended upon the part of the defendant that both of the conveyances were made without consideration. Henry Weisenfluh was called for the defendant and testified that he sold the property as he was apprehensive of getting into trouble with a brewing company with whom he had dealings and desired to save the property; that no money was given therefor; and that when the deed was executed "he (Heere) gave me a paper that this property, I could get it back any time I wanted." It appears that this paper was lost and the witness testified that although he had made a search therefor, he was unable to find it. The court subsequently struck out all his testimony on the theory that he was incompetent to testify under Section 5 of the Act of May 23, 1887, P. L. 158. The lower court in his opinion reviewing the motions for a new trial and judgment n. o. v. expressed the view that he fell into error in so doing, but that as Barbara Wacha had testified that there was no consideration and as George Epler had said that statements made by George Heere to him were to the same effect, this action was harmless error and was not sufficient reason to grant a new trial: Malone v. P. & R. R. R., 157 Pa. 430.

We are of the opinion that the witness was competent insofar as the record which is before us appears. Since the passing of the Act of 1887, supra, "competency is the rule; incompetency, the exception." The disqualification depends not only on the fact of a witness being a surviving or remaining party, to the thing or contract in action, but of his having an interest adverse to the right of the deceased party,

which right has passed by his own act or deed to a party on the record who represents his interest in the subject in controversy. The witness might be interested in the outcome of this litigation, but not in the immediate result of the suit: Lancaster Bank v. Henning, 171 Pa. 399; Royer v. Ephrata Boro., 171 Pa. 429; Edmundson's Est., 259 Pa. 429 (436); Waugaman v. Henry, 75 Pa. Superior Ct. 94 (100). It is true that a portion of his testimony was corroborative of other testimony that was admitted, but there was no other specific testimony that the Weisenfluhs retained possession of the property; that the rents of the houses were collected by Henry Weisenfluh; that they continued to exercise the ownership over it as they had done prior thereto; or that at the time of the execution and delivery of the deed that a writing was given agreeing to reconvey the property. If the jury had given credence to that testimony it would have been important in establishing the contention of the appellant that there was a creation of a trust in favor of the grantor. We do not hold, however, that it is absolutely essential for the defendant to prove the existence of a writing in view of the reconveyance of the property and without exercising any dominion over it. The Weisenfluhs may not have been able to have enforced the trust if no writing was given but the grantee could have waived the requirements of the Act of 1856, P. L. 532, Section 4. The grantors stood, as is said in Sackett v. Spencer, 65 Pa. 89 (99), "in the precisely analogous position of an owner who sells land by parol and receives the purchase-money but delivers no possession. The title remains in him by virtue of the Statute of Frauds and Perjuries, and he cannot be compelled to convey it. But if he choose to fulfill his verbal agreement and actually conveys to the purchaser, who can gainsay it."

If the purchaser had examined the record, which is for the purpose of giving information and affording

protection to buyers, he would have found the deed from the Weisenfluhs to George and Barbara Heere, as well as the deed reconveying the property to Mrs. Weisenfluh. Inquiry would have revealed, according to the uncontradicted testimony, that George and Barbara Heere had not been in possession, or collected any rents, or otherwise exercised ownership of the land, and furthermore, that the land was, at all times, in the occupancy of the Weisenfluhs. A further investigation would have shown that George and Barbara Heere were, and had been since 1896, living together as husband and wife, and were the parents of two children. In other words, the exercise of reasonable precaution would not have revealed any infirmity in the title, which now presents itself. The facts in this case are so unusual, if not unprecedented, that the defendant was entitled to have the benefit of all available legal evidence and it was the duty of the trial judge in matters involving the exercise of judicial discretion to be liberal in an effort to get all the facts of record.

The fourth assignment of error is sustained.

Judgment of the lower court is reversed with a venire facias de novo.