## Singer v. Singer

*Paul H. Rhoads,* of *Weiss & Rhoads,* for plaintiff.

*Joseph Nissley* and *Walter R. Sohn,* of *Braddock & Sohn,* for defendant.

WOODSIDE, J., November 1, 1943.—This case comes before us on a motion for new trial and for judgment n. o. v.

Lillian C. Singer brought an action of ejectment against Herbert C. Singer, son of her husband by his first marriage, for a house and lot of ground located in the Borough of Dauphin, in an effort to establish that she had an undivided one-third interest in said property upon the death of her husband by reason of her not having joined in a conveyance by her husband to defendant and his wife, Clara Singer, since deceased.

At the trial Lillian C. Singer introduced evidence that she was married to Charles W. Singer on August 4, 1897; that they were never divorced and that she did not desert him; that certain described premises were conveyed to her husband on August 25, 1922; that she never joined in any deed conveying said premises; and that Charles W. Singer died on November 23, 1938. She thereupon claimed under the Intestate Act an undivided one-third interest in said real estate which she alleged was in the exclusive possession of defendant.

Herbert C. Singer, defendant, was the only witness for the defense and, over the objection of counsel for plaintiff, was permitted to testify concerning those things which occurred between him and his father prior to the latter's death.

It was the contention of defendant, supported only by his own testimony and exhibits identified and introduced through him, that when the premises were conveyed to his father title was held by the father for him and that as a result of the circumstances surrounding the taking of title in the father's name there was a resulting trust. He contended that as a result of this the deed from his father did not need the joinder of Lillian C. Singer and gave him a fee simple title to the complete interest.

The question whether or not there was a resulting trust was submitted to the jury, who, in finding for defendant, held there was.

Was there sufficient evidence before the jury to enable them to find that there was a resulting trust? If there was not, judgment should be entered n. o. v. for plaintiff.

The deed into Charles W. Singer, and the deed from him to Herbert C. Singer and wife, made no reference to a trust, and he who alleges a trust contrary to the wording of a deed has the burden of establishing it by clear, explicit, and unequivocal proof: Neureuter et al. v. Scheller et al., 270 Pa. 80 (1921).

The evidence here showed that the premises in Dauphin Borough were purchased when Herbert Singer's employment was changed to that place from Enola; that the premises were never assessed in the name of Charles W. Singer, but were assessed in the name of Herbert Singer; that taxes were paid by Herbert Singer during the time the record title was in the name of Charles W. Singer; that Herbert Singer had posses-

sion from the time the premises were conveyed to Charles W. Singer; that no rent was paid or requested; that all repairs made since title was taken in Charles W. Singer's name were made by Herbert Singer; that Herbert Singer paid for the premises out of his earnings and that Charles W. Singer paid nothing for the premises; that prior to title being taken in Charles Singer's name Herbert Singer told his father, "I would like to buy it", after which the arrangements to borrow the money were made at the bank; that the money borrowed from the bank to pay the purchase price was on notes on which Herbert Singer's name appeared first; that this indebtedness was paid off May 29, 1925, and the deed from the father to the son and his wife was dated June 13, 1925.

The facts surrounding a note given the bank for money borrowed for the payment of the premises were confusing, particularly as to dates. It is to be noted, however, that the transaction was 20 years before the trial, and the witness showed evidence of having little knowledge of banking transactions. Even with the confusing evidence concerning the note we feel there was sufficient evidence before the jury to permit them to find for defendant.

The important question is whether all the evidence before the jury should have been admitted, particularly the testimony of defendant concerning the transaction which took place between him and his father, who was deceased at the time of the trial.

Since the effective date of the Act of May 23, 1887, P. L. 158, 28 PS §322, competency of witnesses is the rule; incompetency the exception: Heere v. Taylor Hose Co. (No. 1), 99 Pa. Superior Ct. 561 (1930). It is contended by plaintiff that defendant is made incompetent to testify to those things which happened prior

to Charles W. Singer's death by the provisions of section 5 (e) of the Act of 1887, supra.

The relevant part of that section is as follows:

"Nor, where any party to a thing . . . in action is dead . . . and *his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record, who represents his interest in the subject in controversy,* shall any surviving . . . party to such thing or contract, or any other person whose *interest shall be adverse to* the said right of such deceased . . . be a competent witness to any matter occurring before the death of said party . . ." (Italics supplied.)

The testimony of defendant concerning the transaction between him and his father in connection with the purchase of the premises was admitted over the objection of plaintiff, who contended that it was incompetent under the aforesaid provision of the Act of 1887.

Defendant contended the said statute did not apply because the deceased had conveyed away during his lifetime all his interest in the real estate and therefore the interest of defendant was not "adverse to the right of the deceased", and that no interest passed to a party on the record who represents the deceased's interest in the subject in controversy.

Charles W. Singer was a party to the thing in action (to wit, the real estate transaction between him and Herbert C. Singer to which Herbert was permitted to testify), and is dead. Did he have a right therein which passed to a party on the record who represents his interest in the subject in controversy?

Lillian C. Singer is "a party on the record" claiming her interest under the provisions of the Intestate Act. This is an interest which passed to her by the act of law.

From the record and the deeds it appears that the interest in lieu of dower remained in the property. This was an interest—a right therein, which passed to Lillian C. Singer, a party on the record, who represents that interest—the interest which passed from the deceased to her.

Defendant argued that this is not true because the jury found there was a resulting trust and therefore there was no interest of the deceased which passed to his widow. This is arguing in a circle. The evidence is depended upon to prove there is a resulting trust. "If there is a resulting trust", says he, "the evidence is admissible. The evidence proves there is a resulting trust, therefore the evidence is admissible." But he cannot lift himself up by his own bootstraps. Whether there was a resulting trust is the issue. We must determine whether the evidence is admissible for the purpose of determining that issue, and we cannot make it competent by assuming as a fact that which it proposes to prove.

Defendant contends that the deed from the deceased to him, whether the conveyance was by the grantor as trustee or not, conveyed all *his* interest in the real estate, and since all the deceased interest has passed out of him during his lifetime *he* had no right which passed to a party on the record.

But our appellate courts have said:

"In the matter of dower, . . . the wife takes by descent from the person who owns the property (the husband) even though he has aliened it before his death. It is incorrect in this sense to say . . . that it is her own property, and that it is acquired by her independently of her husband's title": Bridgeford v. Groh et ux., 102 Pa. Superior Ct. 138, 145 (1931).

In Paschall v. Fels, 207 Pa. 71 (1903), Elizabeth Connell conveyed by deed a lot with an easement to

plaintiff in 1875, and in 1898 conveyed to defendant the land over which the easement had been given to plaintiff. Elizabeth Connell died in 1899. After her death, in a contest turning on whether the easement had been abandoned, the court held plaintiff was not a competent witness to testify what took place prior to the death of Elizabeth Connell, and said at page 78:

"Clearly, the thing in controversy was the alleged easement claimed by the plaintiff; if plaintiff had abandoned the easement, then the land of the grantor unincumbered by it was in the grantor Elizabeth Connell and her conveyance to the defendant passed the land to him free from it; he, the defendant of record, represented her, and plaintiff's testimony was directly hostile to the alleged claim of the mother established by the conveyance of the street to defendant; by Elizabeth Connell's own act her right to the thing in action had passed to Fels; but according to plaintiff's testimony the right of the mother to impair or deprive the daughter of the easement did not exist. The case, it seems to us, is within the express words of the act of 1887, which are the same as those of the act of 1869, under which Karns v. Tanner, 66 Pa. 297, was decided, which was followed by Arthurs v. King, 84 Pa. 525, Chase v. Irvin, 87 Pa. 286, and many other cases. *All invariably hold that a witness cannot make title in himself by his own testimony of what occurred in the lifetime of his grantor, that grantor being dead.*" (Italics supplied.)

In Detwiler v. Coldren, 101 Pa. Superior Ct. 189 (1931), both parties claimed title to a tract of land from a common source, Henry F. Bitner. Defendant claimed under a special warranty deed from Henry F. Bitner and wife to Mary C. Stahl and James Stahl, her husband. After James Stahl's death Mary C. Stahl, as surviving tenant by entireties, conveyed to defendant.

Plaintiff claimed under general warranty deed from Henry F. Bitner and wife. In passing upon the competency of witnesses under the Act of 1887, Judge Keller, speaking for the court, said (p. 196) :

"But another matter calls for a reversal of the judgment. James Stahl, one of the grantees in the original deed from Bitner was dead. His right had passed by the operation of law to his wife, and from her, by her own act, to the defendant, a party on the record who represented his (James Stahl's) interest in the subject in controversy. The controversy was over the Stahl title, which had passed to the defendant. The plaintiff was not a competent witness to testify to any matter occurring in the lifetime of James Stahl: Act of May 23, 1887, P. L. 158, section 5(e) ; Stonecipher v. Keane, 268 Pa. 540, 546; Weaver v. Oberholtzer, 31 Pa. Superior Ct. 425; Reiter v. McJunkin, 194 Pa. 301; Wolf v. Wolf, 158 Pa. 621, 630 . . ."

See also Dougal v. Woods, 61 Pa. Superior Ct. 172 (1915), Weaver v. Oberholtzer, 31 Pa. Superior Ct. 425 (1906), Reiter v. McJunkin, 194 Pa. 301 (1900), Wolf v. Wolf et al., 158 Pa. 621 (1893), and Keyser's Estate, 329 Pa. 514 (1938).

Defendant relied upon Heere v. Taylor Hose Co., supra, as authority for his right to testify. Except for one vital difference the facts in that case were quite similar to the case now before us.

There Weisenfluh and wife conveyed a tract of land to George Heere and Barbara Heere, who subsequently reconveyed to Weisenfluh's wife, who, with her husband, then conveyed part of the tract to defendant. It developed that George Heere had never been divorced from a former wife who, after his death, claimed her dower in the tract conveyed by the deceased to Weisenfluh's wife and by her and her husband to the hose

company. Defendant contended there was no consideration for either the deed to George Heere or the deed out of him. The question was whether Weisenfluh was incompetent as a witness under the provisions of section 5(e) of the Act of 1887. The Superior Court in reversing the lower court held he was a competent witness. But the court did not suggest that no right passed to the widow nor that the interest of the hose company was not adverse to the right of the deceased. The contest was between the widow and the hose company. Weisenfluh was not a party to it and it was this upon which the court based its opinion, saying (p. 564):

"The disqualification depends not only on the fact of a witness being a surviving or remaining party, to the thing or contract in action, but of his having an interest adverse to the right of the deceased party . . . The witness might be interested in the outcome of this litigation, but not in the immediate result of the suit."

In the case before us the witness Singer is the defendant and as such had a very direct interest "in the immediate result of the suit".

In the light of the aforesaid cases and a careful analysis of the statute and the purpose for which it was enacted, we are led to the conclusion that it was error to have permitted Herbert C. Singer to testify to the transactions between him and his father during the latter's lifetime. We are therefore granting the motion for a new trial.

And now, to wit, November 1, 1943, the motion for judgment n. o. v. is refused and the motion for a new trial is granted.