# Leith, Appellant, *v.* Metzger.

*Sheriff's sales—Real estate—Distribution of proceeds—Mortgage by claimant of title to real estate—Judgment in ejectment against claimant—Invalidity of mortgage.*

Where a claimant to the title to certain real estate executes a mortgage thereon and it is subsequently determined in an action of ejectment against him that another person was the real owner of the property, such judgment is conclusive that claimant had no title, and where the property is thereafter sold at a sheriff's sale, such mortgage cannot be considered in the distribution of the proceeds thereof.

Argued March 24, 1916.   Appeal, No. 75, Jan. T., 1915, by Lizzie Metzger, from decree of C. P. Lehigh Co., April T., 1910, No. 273, dismissing exceptions to auditor's report in case of Reuben B. Leith, to the use of Lizzie Metzger, v. Lovina Metzger (now deceased), Julia Schaadt, Executrix.   Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Exceptions to auditor's report.   Before GROMAN, P. J. The opinion of the Supreme Court states the case.

The lower court dismissed the exceptions to the report of the auditor.   Lizzie Metzger appealed.

*Error assigned,* among others, was in dismissing exceptions to the auditor's report.

*G. R. Booth,* with him *H. A. Cyphers,* for appellant.

*James L. Schaadt,* with him *John E. Hartzell* and *Chas. W. Kaeppel,* for appellee.

PER CURIAM, April 17, 1916:

The real estate sold by the sheriff belonged to Lovina Metzger, and the only liens against it were those which she had created. The mortgage given by her son, Jacob Metzger, to Reuben B. Leith, for $1,000.00, was no encumbrance upon the property, for the recovery by his mother in the action of ejectment is conclusive that he had no title to any interest in the property at the time of the execution of the said mortgage. It is, therefore, not to be considered in the distribution of the proceeds of the sheriff's sale. After the payment of the lien indebtedness created by Mrs. Metzger, the balance belonged to her estate, she having died since the sheriff's sale.

Decree affirmed at appellant's costs.