## Stonecipher *v.* Keane, Appellant.

*Landlord and tenant—Visible possession by tenant—Constructive notice—Vendor and vendee.*

1. The actual visible possession of a tenant is constructive notice both of his interest and that of the landlord.

2. A prospective purchaser of land is required to make inquiry of those in possession thereof and, failing to do so, is affected with constructive notice of all that such inquiry would have disclosed.

*Vendor and vendee—Secret equity—After-acquired knowledge.*

3. One who obtains a good title to land, without knowledge of a secret equity, may convey it to any purchaser, without reference to what the latter knows.

*Res judicata—Parties—Attorney—Witness—Judgment — Mortgage.*

4. To be concluded by a judgment, one must be a party to the suit or what is equivalent thereto, with a right to control the proceedings and take an appeal. The fact that a person appeared

for an actual party in the suit as attorney or witness, will not conclude him.

5. A mortgagee is not concluded by a recovery against the mortgagor, in an action of ejectment brought by a third party after the recording of the mortgage.

*Ejectment—Evidence—Articles of agreement—Seal—Consideration—Payment—Pleadings—Witness—Party dead—Act of May 23, 1887, P. L. 158.*

6. In an action of ejectment, where defendant claims title under unrecorded articles of agreement under seal, showing him to be a purchaser for value, and establishes possession by a tenant, and the plaintiff claims under a deed subsequently executed by the same vendor, the agreement being under seal, imports a consideration, and it is immaterial whether or not such consideration has been paid in full; and evidence on the subject is unnecessary and inadmissible, if the question of payment has not been raised by the pleadings.

In such case, where plaintiff had succeeded to the title of the grantee of the original vendor, defendant is incompetent as a witness to prove matters occurring in the lifetime of such grantee, under the Act of May 23, 1887, P. L. 158.

Argued October 12, 1920.   Appeal, No. 95, Oct. T., 1920, by defendant, from judgment of C. P. Allegheny Co., April T., 1918, No. 1674, on verdict for plaintiff in case of David Stonecipher v. William Keane.   Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ.   Reversed.

Ejectment for house and lot in 30th Ward, Pittsburgh. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned* were, inter alia, (1, 2) rejection of evidence of Mrs. Lawler, appearing by opinion of Supreme Court, quoting record.

*Thomas L. Kane,* with him *Charles A. Poth,* for appellant.—The record of the judgment was clearly compe-

tent, relevant and material to prove the defendant's title to the property: Cochran v. Sanderson, 151 Pa. 591; Finley v. Hanbest, 30 Pa. 190; Wescott v. Edmunds, 68 Pa. 34; Goodhart v. Bishop, 142 Pa. 416; Bruner v. Finley, 211 Pa. 74; Strayer v. Johnson, 110 Pa. 21; Weigley v. Coffman, 144 Pa. 489; Klick v. Gernert, 220 Pa. 503.

As Stonecipher appeared not only as attorney preparing and conducting the defense, but as a witness, it was his duty to speak and give any facts of which he had information, and as he did so he is bound by the part he then took in that case and the judgment that followed: Paine v. Bank, 194 Pa. 403; Little v. Fearon, 252 Pa. 430.

Stonecipher was clearly a party interested in the property in that suit and the outcome of it as mortgagee; as such, he had right to possession if his mortgagor had that right: Crouse v. Binkley, 167 Pa. 182; Gribbel v. Brown, 202 Pa. 10; Leith v. Metzger, 253 Pa. 433; Exler v. Wickes, 263 Pa. 150.

It is the duty of all purchasers and mortgagees to inquire of those on the premises as to the title, and those who do so are bound by knowledge of such facts as they actually acquire thereby: Jamison v. Dimock, 95 Pa. 52; Sill v. Swackhammer, 103 Pa. 7; Lord's App., 105 Pa. 451; Rowe v. Ream, 105 Pa. 543; White v. Patterson, 139 Pa. 429; Ohio R. Junc. R. R. v. Penna. Co., 222 Pa. 573; Yaukey v. Forney, 231 Pa. 371; Lazarus v. Coal Co., 246 Pa. 178; Kerr v. Day, 14 Pa. 117; Sheaffer v. Eakman, 56 Pa. 144; Garber v. Doersom, 117 Pa. 162; Africa v. Trexler, 232 Pa. 493; McMurray's App., 101 Pa. 421; Kronk v. Kronk, 4 W. & S. 127; Dickson v. McGraw, 151 Pa. 98; Davis v. Hawkins, 163 Pa. 228.

*Ernest C. Irwin,* with him *Watson & Freeman,* for appellee.—The record of the prior ejectment proceeding between the appellant and Marie E. Kelly was not admissible in evidence against appellee, plaintiff in the

court below: Chase v. Irvin, 87 Pa. 286; Siegfried v. Boyd, 237 Pa. 55; Miller's Est., 159 Pa. 562.

Defendant Keane is incompetent, being a party whose interest is adverse to the right of the deceased, whose interest has passed to a party on the record: Powell v. Schoenfeld, 262 Pa. 589; Sutherland v. Ross, 140 Pa. 379; Duffield v. Hue, 129 Pa. 94; Reap v. Dougher, 261 Pa. 23; Burke v. Burke, 240 Pa. 379.

The occupancy of the tenant, Lawler, was in no sense notice of appellee's right to the premises.

The burden of proof of notice to appellee was clearly and strongly on defendant below to show that Keane was Lawler's landlord: Meehan v. Williams, 48 Pa. 238.

The defendant below produced no evidence whatever that he had any title to this property, equitable or otherwise, and therefore laid no foundation for his present claim that Lawler was his tenant.

OPINION BY MR. JUSTICE WALLING, December 31, 1920:

This is an action of ejectment for a house and lot in Pittsburgh. Carrie C. Wilson, wife of H. E. Wilson, became the owner of the property in 1903, and is the common source of title. In 1907 Mr. and Mrs. Wilson conveyed this land by warranty deed to Archibald B. McGrew, who in 1913 by like deed conveyed it to Marie E. Kelly and she, on the same day, gave plaintiff, David Stonecipher, a bond and mortgage thereon for $600. The mortgage was immediately recorded, and in 1918 the land was sold by the sheriff, by virtue of a judgment entered on the accompanying bond, and bought by plaintiff; who thereupon brought this suit against William Keane, to whose claim of title we will hereafter refer. The trial judge directed a verdict for plaintiff and from judgment entered thereon defendant took this appeal.

Two years before the conveyance to McGrew, Carrie C. Wilson and her husband sold the land in question to Keane by a written article of agreement, which provided for a cash hand payment and the balance in monthly

payments. This agreement was never recorded, but defendant's evidence tended to show that when he purchased the property it was in possession of James Lawler as tenant under the former owner. Defendant offered to prove by Mrs. James Lawler that in 1905 he entered upon the premises with the agent of such former owner and announced his purchase, and that the agent then informed her that Keane had bought the property and was the landlord thereof; also that about one month thereafter defendant returned to the premises and was introduced by her to her husband as owner of the property and the new landlord; and, in effect, that they thereafter recognized him as such and continued to occupy the premises as his tenants until 1914. As the offer was intended to show possession (Greenwich C. & C. Co. v. Learn, 234 Pa. 180), and also to establish the relation of landlord and tenant between Keane and Lawler, its exclusion was error. A written lease would have been clearly competent and the alleged oral one was no less so.

The actual visible possession of a tenant is constructive notice both of his interest and that of his landlord (see Sheaffer v. Eakman, 56 Pa. 144); therefore, if Lawler had such possession, as Keane's tenant, at the time of McGrew's purchase, in 1907, and so continued until after the latter's conveyance to Miss Kelly in 1913, it was a potent fact in favor of defendant. A prospective purchaser of land is required to make inquiry of those in possession thereof and, failing to do so, is affected with constructive notice of all that such inquiry would have disclosed: Lazarus v. Lehigh & W. B. Coal Co., 246 Pa. 178; Ohio R. Junc. R. R. Co. v. Penna. Co., 222 Pa. 573; Jamison v. Dimock et ux., 95 Pa. 52. In other words, actual possession is constructive notice of the interest of the possessor in the premises (Rowe v. Ream, 105 Pa. 543) and of his relation thereto. Such possession is evidence of title and in a certain sense a substitute for recording (White v. Patterson, 139 Pa. 429), and is sufficient to put an intending purchaser

upon inquiry: Hottenstein v. Lerch, 104 Pa. 454; Lord's App., 105 Pa. 451; Jacques v. Weeks, 7 Watts 261. The burden here was upon the defendant to make proof of his purchase and of the possession by his tenant, when McGrew bought and when he sold. There was neither evidence nor offer of actual notice to McGrew, when he bought the land, of defendant's equitable title; hence, the latter lost his interest unless he was then in possession personally or by tenant; even if the circumstances were such that McGrew took title subject to defendant's interest, the burden was still upon the latter to show notice by possession or otherwise to Miss Kelly and plaintiff when she took the deed and he the mortgage. In the absence of which they could rely on the absolute deed to McGrew and his like deed to Miss Kelly. Moreover, if McGrew took a clear title for lack of notice, then his deed to Miss Kelly and her mortgage to plaintiff would give a clear title regardless of notice to them, or of what they knew of defendant's equitable interest. In other words, he who obtains a good title to land, without knowledge of a secret equity, may convey it to any purchaser, without reference to what the latter knows: Logan v. Eva, 144 Pa. 312; Mott v. Clark, 9 Pa. 399, 404.

McGrew's title is to be tested by what he knew or should have known when he bought and not by what he learned thereafter; hence, offers to prove notice he received while owner were properly excluded.

The article of agreement from the Wilsons to Keane expressly shows the latter as a purchaser for value; aside from that, the agreement being under seal imports a consideration; whether or not it had been fully paid is immaterial. This is especially true as the question is not raised by the pleadings, there being no averment of payment on part of defendant or denial thereof on part of plaintiff. Therefore it is a matter not appearing in the pleadings and inadmissible: Act of June 7, 1915, P. L. 887; Act of June 12, 1919, P. L. 478-9; Westcott v. Crawford, 210 Pa. 256. This of itself was sufficient

reason for rejecting the evidence of H. E. Wilson, as to such alleged payments, and the question of his competency as a witness is immaterial.

When defendant offered himself as a witness to prove matters occurring prior to McGrew's death, he was properly excluded. Plaintiff had succeeded to the rights of McGrew and defendant came directly within the prohibition of the act as a party with an adverse interest.

In 1914 Miss Kelly took possession of the premises, to recover which Keane brought an action of ejectment against her, wherein Stonecipher appeared for her as an attorney and witness. Keane, having won the suit, regained possession and offered that record as res judicata in the present case. It was properly rejected, as there was not an identity of parties: Siegfried v. Boyd et al., 237 Pa. 55; Chase v. Irvin, 87 Pa. 286; 23 Cyc. 1237. The Stonecipher mortgage was on record and he was not named as a defendant with Miss Kelly, nor did he intervene or become such; and the fact that he appeared as attorney and witness did not render him a party to the suit nor give him control over it. See Building Society v. Holt, 184 Pa. 572. To be concluded by the judgment, one must be a party to the suit or what is equivalent thereto (Siegfried v. Boyd et al., supra), with a right to control the proceedings and take an appeal: Walker v. Phila., 195 Pa. 168; Rittispaugh v. Lewis et al., 103 Pa. 1; Lightner's Est., 187 Pa. 237. A mortgagee is not concluded by a recovery against the mortgagor in an action of ejectment brought by a third party after the recording of the mortgage. "A judgment against a mortgagor of realty, rendered prior to the execution of the mortgage, binds the mortgagee as a privy and is conclusive upon him; but a mortgagee is not bound by any proceedings against his mortgagor which were not begun until after the execution of the mortgage, unless he was made a party thereto": 23 Cyc. 1260; see also 24 A. & Eng. Enc. of Law (2d ed.) 750. A contrary rule would tend to make mortgages unstable securities. The case of

Leith v. Metzger, 253 Pa. 433, cited by appellant, is very briefly reported but an examination of the paper-books indicates that the ejectment suit there turned largely on the construction of a deed of record before the mortgage in question was executed, and of course the mortgagee was bound by its provisions. In Exler v. Wickes Brothers, 263 Pa. 150, the plaintiff was held concluded by a prior adjudication because he had authorized a party thereto to defend his rights.

The other questions raised seem to be without merit.

The first and second assignments of error are sustained and thereupon the judgment is reversed and a venire facias de novo awarded.