**RESOLUTION TRUST CORPORATION**

v.

**Peter J. FARMER, et al.**

v.

**Sandra K. CHITWOOD, et al.**

Civ. A. No. 92–3310.

United States District Court,
E.D. Pennsylvania.

Aug. 2, 1993.

John T. Rogers, Marguerite S. Walsh, Mannino, Walsh & Griffith, P.C., and Buchanan Ingersoll, Philadelphia, PA, for Resolution Trust Corp.

Mark A. Nation and William J. Brennan, J. Shane Creamer, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, PA, for Peter J. Farmer and Gregor F. Meyer.

Robert L. Hickok and Jeffery C. Hayes, Pepper, Hamilton & Scheetz, Philadelphia, PA, for J. Stanley Davis, Robert P. Johnson, Carl N. Wallnau, John J. McCarthy, Jr., M.D., Paul Bendik, and Louis A. Tronzo.

Glenn C. Equi and Diana Andreacchio, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, PA, for Stuckert & Yates, John P. Diefenderfer, John Kerrigan, Jr., Richard Danese, Jr., and Steven Sailer.

Kean K. McDonald, Jeffrey D. Hutton and Pamela Tobin, Labrum & Doak, Philadelphia, PA, for Sidney T. Yates and Don F. Marshall.

Carl Anthony Maio, Kimberly A. Rushton, Margolis, Edelstein, Scherlis, Sarowitz & Kraemer, Glenn C. Equi, and Diana Andreacchio, Harvey, Pennington, Herting & Renneisen; Ltd., Philadelphia, PA, for William F. Schroeder, and Greg B. Emmons.

Robert E. Welsh, Jr., Philadelphia, PA, for Richard Reynaud.

Anthony Granato, Mattioni, Mattioni & Mattioni, Ltd., Philadelphia, PA and Thomas C. Jessee, Jessee & Jessee, Johnson City, TN, for Sandra K. Chitwood, Gene Artrip, Margaret Artrip, Robert Hatfield, Stewart Credit Cars, Inc., Coasters Unlimited, Inc., Southeast Auto, and Property Financial Services, Inc.

Robert C. Heim, William R. Spade, Jr. Dechert, Price & Rhoads, Philadelphia, PA,

H. Lamar Mixson, and Jill A. Pryor, Bondurant, Mixson & Elmore, Atlanta, GA, for Hurt Richardson Garner Todd and Cadenhead, and E. Lewis Hansen.

## MEMORANDUM

GILES, District Judge.

As receiver for Horizon Financial F.A. ("Horizon"), a former federal savings and loan association located in Pennsylvania, the Resolution Trust Corporation ("RTC") brought suit against Horizon's former directors, officers, and attorneys (collectively "DOA Defendants"),[1] seeking damages for their alleged mismanagement of the defunct association. The gravamen of the RTC's amended complaint is that the DOA Defendants, in their various capacities, permitted Horizon to engage in highly speculative, unsound and poorly-documented lending practices, particularly with regard to certain automobile and second mortgage consumer loans known as the "SBL" loans. RTC's Amended Complaint, at 9–10.[2]

In response, a number of the DOA Defendants[3] have filed a third-party complaint against the individual borrowers and guarantors, and counsel for the borrowers and guarantors of the defaulted SBL loans. In their amended third-party complaint, the DOA Defendants allege, *inter alia*, that they relied to their detriment upon fraudulent misrepresentations made by the third-party defendants when the SBL loans in question were obtained from Horizon.

Now before the court is a motion to dismiss the amended third-party complaint filed by third-party defendants, E. Lewis Hansen and Hurt, Richardson, Garner, Todd & Cadenhead (attorneys for the borrowers and guarantors—collectively "Hurt Richardson"), the DOA Defendants' response, and the replies of the parties. For the reasons that follow, Hurt Richardson's motion is denied in part and granted in part. The DOA Defendants' RICO claim is dismissed with prejudice.[4]

## FACTUAL BACKGROUND

### I. SBL/Brokers South Loans

During the years of 1984 and 1985, Horizon purchased automobile and second mortgage consumer loan portfolios from three lending institutions: Sentry Corporation, Bankers Service and Landbank (collectively the "SBL portfolios"). Amended Third–Party Complaint at ¶ 2. Shortly thereafter, Horizon resold the portfolios to an affiliation of automobile dealerships incorporated in Georgia ("Brokers South"). *Id.* In exchange for servicing the individual loans in the portfolios and granting to Horizon security interests in all personal and real property, Brokers South acquired the SBL portfolios with financing assistance from Horizon. *Id.* at 24.

In all of its transactions with Horizon from 1985 until 1988, Brokers South was represented by Hurt Richardson, a law firm incor-

---

1. The Director/Officer Defendants are Peter Farmer ("Farmer") former Horizon President; Gregor Meyer ("Meyer"), former Chairman of the Board; Richard W. Reynaud ("Reynaud"), former Group Vice President of Lending; and former Directors J. Stanley Davis, Robert P. Johnson, Carl N. Wallnau, John J. McCarthy, Jr., Paul Bendik and Louis Tronzo. The Attorney Defendants are the firm of Stuckert & Yates and individual partners Sidney T. Yates ("Yates"), Don F. Marshall ("Marshall"), John P. Diefenderfer, John Kerrigan, Jr. Richard Danese, Jr., Steven Sailer, William F. Schroeder and Greg B. Emmons.

2. Specifically, the RTC's amended complaint avers gross negligence, negligence, and breach of fiduciary duty by the Director/Officer Defendants, and it claims for negligence, breach of contract, breach of fiduciary duty and aiding and abetting by the Attorney Defendants.

3. These DOA Defendants are the former officer-director, Peter Farmer; former director, Gregor Meyer; former general counsel, Stuckert & Yates and its partners, including Sidney Yates, who attended meetings of Horizon's board of directors, and Don Marshall, who was a member of Horizon's loan committee.

4. The DOA Defendants filed their original third-party complaint on August 28, 1992. In response to a motion to dismiss, filed by Hurt Richardson, the DOA Defendants filed an amended third-party complaint on November 17, 1992. Thereafter, on December 11, 1992, Hurt Richardson filed a motion to dismiss the amended third-party complaint. The original motion to dismiss and the original third party complaint are now moot.

porated in Georgia.[5] Amended Third–Party Complaint, at ¶¶ 25, 27 & 35. During its representation of Brokers South, Hurt Richardson presented several "opinion letters" to Horizon wherein it supported and verified Brokers South's representations contained in loan documents. *Id.*

In September 1987, Brokers South had difficulty paying off its loans with Horizon. Therefore, Horizon's loan committee agreed to repurchase the SBL loan portfolios and to restructure Brokers South's outstanding loans. Amended Third–Party Complaint, at ¶¶ 32–35. As part of the restructuring, Horizon and Brokers South executed new loan documents. They also executed a mutual general release of all prior claims, including claims of any alleged misuse of loan proceeds by Brokers South. Subsequently, Brokers South still failed to meet its loan repayment obligations to Horizon despite the restructuring agreement. The SBL portfolios all went into default. *Id.*

## II. *The Georgia Litigation*

On October 28, 1988, Horizon, under the control of the DOA Defendants, filed a complaint in the United States District Court for the Northern District of Georgia[6] against Brokers South, corporate and individual guarantors, a number of related individuals and entities, and Hurt Richardson. Hurt Richardson's Brief, at 5.

In February 1989, Horizon, while it was still under the control of the DOA Defendants, settled the Georgia action with Brokers South and all other named defendants, except Hurt Richardson. Hurt Richardson's Brief, at 6. Horizon and the settling defendants executed a mutual general release of all claims. *Id.*

Following the RTC appointment as receiver for Horizon, the district court ruled that the vast majority of Horizon's claims against Hurt Richardson had been released by Horizon through the September 1987 general release executed in conjunction with consolidation and restructuring of Brokers South's SBL loans. *See Horizon Financial, F.A. v. E. Lewis Hansen and Hurt, Richardson, Garner, Todd and Cadenhead,* 791 F.Supp. 1561, 1572 (N.D.Ga.1992). Specifically, the district court found that the general release discharged Hurt Richardson from those claims, arising prior to September 1987, which were based on transactions between Horizon and Brokers South where Hurt Richardson acted as Brokers South's *agent.* *Id.* However, that court was also found that the release did not discharge Hurt Richardson from liability in transactions in which Hurt Richardson submitted opinion letters to Horizon to support and verify Brokers South's representations made in loan documents. *See Id.* at 1573.[7]

In August 1992, the RTC settled Horizon's remaining claims against Hurt Richardson, and a general release was executed by and between the RTC and Hurt Richardson. Hurt Richardson's Brief, at 7.

## III. *The DOA Defendants' Claims Against Hurt Richardson*

The DOA Defendants allege that "[w]ith the active participation of [Hurt Richardson], . . ., Brokers South engaged in a fraudulent scheme to acquire Horizon's loan proceeds and then divert those proceeds to outside entities to purchase properties." DOA Defendants' Brief at 6. They further allege that the "[t]hird-party defendants concealed [their] after-acquired properties from Hori-

---

5. E. Lewis Hansen, a partner at Hurt Richardson, oversaw the firm's representation of Brokers South and its affiliates. The term "Hurt Richardson" is used throughout this writing to identify both E. Lewis Hansen and the entire law firm.

6. The Georgia action is captioned *Horizon Financial, F.A. v. E. Lewis Hansen and Hurt, Richardson, Garner, Todd and Cadenhead,* Civil Action File No. 1:88–cv–2471–JOF.

7. Hurt Richardson has submitted several documents, including affidavits, for the court's con-

sideration. However, for the purpose of deciding this motion, the court reviewed only those matters permitted under Federal Civil Procedure Rule 12(b)(6), that is, matters contained within the pleadings, and the parties' memoranda of law. *See Rose v. Bartle,* 871 F.2d 331 (3d Cir. 1989) citing 5 C. Wright & A. Miller § 1366 (other citations omitted). The decision of the district court and the parties' general release agreements have been reviewed as part of the established record in this case.

zon so as to prevent the thrift from taking security interests in the real estate." *Id.*

The DOA Defendants allege that the loans to Brokers South were made in reliance upon the borrower's and guarantors' assurances of repayment and on the opinion letters given by Hurt Richardson. *Id.* They further allege that "before any loans to Brokers South could close, Hurt Richardson was required to issue an opinion to Horizon supporting Brokers South's representations in the loan documents." *Id.*

The DOA Defendants claim against Hurt Richardson for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (count I), fraud and misrepresentation (count II), negligent misrepresentation (count III), and professional malpractice (count VII). Hurt Richardson moves to dismiss each of these claims.

## APPLICABLE LEGAL STANDARD

In deciding a motion to dismiss for failure to state a cognizable claim, the court must accept as true all of plaintiff's factual allegations and draw from them all reasonable inferences favorable to the plaintiff. *D.P. Enterprises, Inc. v. Bucks County Community College,* 725 F.2d 943, 944 (3d Cir.1984). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Gomez v. Toledo,* 446 U.S. 635, 636 n. 3, 100 S.Ct. 1920, 1921 n. 3, 64 L.Ed.2d 572 (1980). A case should not be dismissed for failure to state a claim unless it appears certain that no relief can be granted under any set of facts that could be proved consistent with plaintiff's allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

## DISCUSSION

### I. THIS COURT HAS JURISDICTION OVER HURT RICHARDSON.

■ Hurt Richardson moves to dismiss the third-party claims pursuant to Federal Civil Procedure Rule 12(b)(2) asserting lack of *in personam* jurisdiction. Specifically, it alleges that it "neither transacted business in Pennsylvania nor caused [the DOA Defendants] any damage legally recognized in a third-party claim." *Id.* In response, the DOA Defendants argue that Hurt Richardson has had such contacts with the Commonwealth of Pennsylvania to give this court specific personal jurisdiction over it without offending concepts of constitutional due process.

■ In deciding whether the exercise of specific personal jurisdiction over a non-resident defendant is proper, the court must look to the specific acts alleged to determine "whether there are enough contacts with the forum related to the plaintiff's claim in order to justify the assertion of jurisdiction over the non-resident defendants." *Reliance Steel Products Co. v. Watson, Ess, Marshall and Enggas,* 675 F.2d 587, 588 (3d Cir.1982). *See, also Mellon Bank (East) PSFS, National Association v. Farino,* 960 F.2d 1217 (3d Cir.1992) (specific jurisdiction arises when the plaintiff's claim is related to or arises out of the defendant's contacts with the forum).[8]

■ Additionally, "due process considerations require that the defendants have 'purposefully directed' their conduct towards residents of the forum state and that the litigation itself arises from the alleged injuries which were caused by or related to these activities in the forum state." *Greenberg v. Tomlin,* 816 F.Supp. 1039 (E.D.Pa.1993) (citations omitted).

Hurt Richardson argues that a non-resident law firm doing business in a particular forum only as a representative of its client cannot be sued personally in that forum for those transactions. The DOA Defendants counter that Hurt Richardson did more than merely represent Brokers South in the loan transactions with Horizon. They aver that on several occasions during the loan transactions, Hurt Richardson furnished Horizon with opinion letters that fraudulently supported and verified representations made by Brokers South in loan documents.

---

8. *See, also,* 42 Pa.C.S.A. § 5322(a)(1), (3) and (4) (Bases of personal jurisdiction over person outside this Commonwealth).

Allegedly, for each loan transaction, Hurt Richardson made the following representations:

—We are not aware of any material facts which would prevent Horizon's reliance upon representations by Brokers.

—We are not aware of any fraud committed by Brokers against Horizon.

—The execution and delivery of the loan documents by Broker does not violate any statute, ordinance, rule or regulation.

—Horizon has a first priority, validly created and perfected security interest in all of Brokers' personal property.

*See* Hurt Richardson's Opinion Letters, dated October 31, 1985, December 6, 1985, July 3, 1986, and September 4, 1987.[9]

The DOA Defendants allege that they relied to their detriment upon fraudulent representations made by Hurt Richardson within the opinion letters and they were misled when agreeing to various loan arrangements with Brokers South, including the restructuring of said loans.

■ Assuming, as we must, that all of the DOA Defendants' factual allegations are true, the court finds that as a result of the opinion letters, one of which was directly presented to Horizon in Pittsburgh, Hurt Richardson maintained sufficient "contacts" with this forum for the court to exert specific personal jurisdiction. Hurt Richardson voluntarily conducted business within this forum and availed itself of the laws of the Commonwealth. It knowingly made fraudulent misrepresentations to persons within this forum upon which those persons relied to their detriment. Therefore, Hurt Richardson should have reasonably anticipated being haled into court in Pennsylvania as a result of those transactions.[10] *See Carteret Savings Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir.), *cert. denied* —— U.S. ——, 113 S.Ct. 61,

121 L.Ed.2d 29 (1992) (local counsel's alleged fraudulent conduct while in the forum state was constitutionally sufficient to exert personal jurisdiction). *See, also, Reliance Steel Products Co.*, 675 F.2d at 588 (3d Cir.1982); and *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

## II. THE DOA DEFENDANTS' AMENDED THIRD–PARTY CLAIMS ARE PLEADED PROPERLY PURSUANT TO FEDERAL CIVIL PROCEDURE RULE 14.

■ Hurt Richardson argues that the DOA Defendants' amended third-party complaint must be dismissed since "[c]laims based on a third-party defendant's alleged liability to the original plaintiff are not properly raised under [Federal Civil Procedure] Rule 14." Hurt Richardson's Brief, at 24. It argues that the third-party claims are based on Hurt Richardson's alleged liability to Horizon and are not based upon any harm suffered by DOA Defendants. *Id.* at 30.

The DOA Defendants assert that "the amended third-party complaint does not derive from 'Horizon's losses' *per se,* but rather from the potential liability that third-party plaintiffs face as a result of these losses." DOA Defendants' Brief, at 19.

■ Rule 14 provides that a defending party, as a third-party plaintiff

may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Fed.R.Civ.P. 14. To assert a claim properly under Rule 14, the third-party plaintiff must implead a person against whom it can assert a claim of joint or secondary liability arising from the original plaintiff's claim against the third-party plaintiff. The defendant must

---

9. In the September 4, 1987 opinion letter, Hurt Richardson made all the same representations that it did in the other opinion letters, with the exception of *not* stating that the firm had no knowledge that Brokers South had committed fraud against Horizon.

10. Hurt Richardson errs in contending that the court can only exert personal jurisdiction if it finds that Hurt Richardson had direct "contacts" with the DOA Defendants. A non-resident's contact need only bear a relationship with the litigation. *See Kimball v. Schwartz*, 580 F.Supp. 582, 587 (W.D.Pa.1984) (claim must arise from forum-related activities).

show that if it is found liable to plaintiff, the third-party defendant may be liable to it. *See, e.g., Harries v. General Motors Corporation,* 786 F.Supp. 446, 447 (E.D.Pa.1992); *Struss by Struss v. Renault U.S.A., Inc.,* 108 F.R.D. 691, 693 (W.D.Pa.1985); *Con–Tech Sales Defined Ben. Trust v. Cockerham,* 715 F.Supp. 701 (E.D.Pa.1989). Impleader is proper, however, "only if there is an underlying substantive right to pursue such relief from the third-party defendant." 3 *Moore's Federal Practice* § 14.03 (1987).

The DOA Defendants allege that "Horizon *and* third-party plaintiffs justifiably relied upon the ... opinion letters of Hurt Richardson, as well as the representations and warranties made by Hurt Richardson to Horizon therein, in deciding to enter into the [r]estructuring [a]greement." DOA Defendants' Complaint, at ¶ 172 (emphasis added). They allege further that "[a]s a direct and proximate result of these misrepresentations ...,Horizon *and* third-party plaintiffs have suffered substantial damages." *Id.* at 174 (emphasis added).

In the original complaint, the RTC avers, *inter alia,* that the DOA Defendants were grossly negligent in extending credit to Brokers South. In turn, the DOA Defendants allege in the amended third-party complaint that Hurt Richardson contributed to Horizon's losses by preparing and delivering false and misleading opinion letters upon which the DOA Defendants relied when, as Horizon's representatives, they agreed to each of the loans. The DOA Defendants allege further that Hurt Richardson participated in Brokers South's alleged extensive fraudulent conduct against Horizon in causing the SBL loan portfolios to go into default.

■ The court finds that the DOA Defendants have pleaded their claims properly pursuant to Rule 14. It is well settled under Pennsylvania common law that a cause of action for fraudulent misrepresentation is permitted if a plaintiff acted in reasonable reliance upon a defendant's misrepresentations. *See, e.g., Woodward v. Dietrich,* 378 Pa.Super. 111, 548 A.2d 301 (Pa.Super.1988); *United Ins. Co. v. B.W. Rudy, Inc.,* 42 F.R.D. 398 (E.D.Pa.1967); and *Seaboard Sur. Co. v. Permacrete Const. Corp.,* 221 F.2d 366 (3d Cir.1955).[11] The DOA Defendants allege that they justifiably relied upon Hurt Richardson's opinion letters in making decisions to grant the loans to Brokers South. Although Hurt Richardson's opinion letters were addressed to Horizon, the DOA Defendants, as Horizon's former representatives, now face liability for the losses arising from non-payment of those loans. Therefore, the DOA Defendants may implead any party whose conduct was a proximate cause of Horizon's losses for which they would be liable to the RTC.

## III. THE DOA DEFENDANTS HAVE STANDING TO BRING THIS ACTION.

■ Hurt Richardson errs in arguing that the DOA Defendants do not have standing to bring this action. As was discussed above, the DOA Defendants third-party claims are not derived through Horizon's losses, but rather from the liability that the DOA Defendants would have should they be held personally accountable for Horizon's losses if their alleged mismanagement was proximately caused by the opinion letters of Hurt Richardson.[12] Therefore, inasmuch as the DOA Defendants have alleged a direct harm to themselves which resulted from Hurt Richardson's conduct, the court finds that the DOA Defendants have standing to file their third-party claims.

---

**11.** *See, also,* Restatement (Second) Torts § 525 (Liability for Fraudulent Misrepresentation) which states that

[o]ne who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation.

**12.** The DOA Defendants allege that if they are held liable to Horizon for that bank's losses, then Hurt Richardson should be held liable to the DOA Defendants, for contribution and/or indemnity, as a result of the DOA Defendants detrimental reliance upon the third-party defendants' fraudulent misrepresentations. *See, e.g.,* Amended Third–Party Complaint, at ¶ 6.

## IV. THE DOA DEFENDANTS' AMENDED THIRD–PARTY CLAIMS HAVE NOT BEEN TERMINATED BY THE SEPTEMBER 1987 RELEASE AGREEMENT.

 Hurt Richardson argues that it was released from the majority of claims arising out of the loan transactions between Horizon and Brokers South. Hurt Richardson's Brief, at 36. In so arguing, Hurt Richardson relies upon the district court's finding that, as a matter of law, with the exception of Horizon's claims arising from its opinion letters, Hurt Richardson was released from liability as an "agent" of Brokers South for all transactions occurring prior to September 4, 1987.[13] However, it is these very same opinion letters, which the district court found to be "actionable" against Hurt Richardson, that the DOA Defendants rely upon here to make their third-party claims.[14] Therefore, the September 1987 "release agreement" between the parties has no effect on the third-party claims alleged here.

## V. THE DOA DEFENDANTS' AMENDED THIRD–PARTY CLAIMS ARE NOT BARRED BY THE DOCTRINE OF RES JUDICATA.

 Hurt Richardson argues that the 1992 settlement agreement reached in the Georgia action should be given *res judicata* effect with respect to the DOA Defendants' third-party claims. It assumes, erroneously, that the DOA Defendants are viewed as "agents" of Horizon and, therefore, are bound by that settlement agreement.

Generally, "a judgment or decree entered by agreement or consent is conclusive only upon the parties, or privies of parties, to the agreement and judgment, and is not binding upon other persons, even though such other person would be bound by the judgment or decree, had it been entered after contest." 47 Am.Jur.2d § 1094 (1969).[15] "For the purpose of [applying] the doctrine of *res judicata* it is generally held that the term 'parties' includes all persons who have a direct interest in the subject matter of the action, and have a right to control the proceedings, make defense, examine witnesses, and appeal if an appeal lies." 50 C.J.S. § 768 (1947).[16] Additionally, although there is no prevailing definition for "privies of parties" which can be automatically applied to all cases,

> privity is not established by the mere fact that persons may happen to be interested in the same question or in proving the same state of facts. Privity [addresses] those so connected in law with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same *legal right.*

*Olivarez v. Broadway Hardware, Inc.,* 564 S.W.2d 195, 199 (Tex.Civ.App. Corpus Christi 1978).

The 1992 settlement and release document was executed by the RTC, as receiver for Horizon, and by Hurt Richardson. The DOA Defendants were not parties or privies to that agreement and therefore cannot be bound by the consent decree. If it were the RTC, receiver for Horizon, asserting claims here against Hurt Richardson, then, as a matter of law, the 1992 agreement would bar such claims. When the RTC was appointed as receiver for Horizon, control over the defunct bank was given to persons other than the DOA Defendants. The amended third-party complaint is filed against Hurt Rich-

---

**13.** *See Horizon Financial, F.A. v. E. Lewis Hansen and Hurt, Richardson, Garner, Todd and Cadenhead,* 791 F.Supp. 1561, 1572 (N.D.Ga.1992).

**14.** *Id.* at 1573.

**15.** *See, also, Frishman v. Department of State, Bureau of Professional and Occupational Affairs, State Bd. of Vehicle Mfrs., Dealers and Salepersons,* 140 Pa.Cmwlth. 455, 592 A.2d 1389 (Pa. Cmwlth. 1991), *appeal denied* 530 Pa. 635, 606 A.2d 904 (Pa.1992) (Consent decree has no *res judicata* effect as to actions of those who were

not party to it); *Crawford v. Pope & Talbot, Inc.,* 206 F.2d 784, 794 (3d Cir.1953) (A person not a party to a case is not bound by the findings of that case in subsequent litigations involving the same fact situation).

**16.** *See, also, Albert, et al. v. Lehigh C. & N. Co.,* 431 Pa. 600, 613, 246 A.2d 840, 846 (Pa.1968) citing *Stonecipher v. Keane,* 268 Pa. 540, 546, 112 A. 233 (1920) (To be concluded by a prior decree or judgment one must be a party to the action, or what is equivalent thereto with a right to control the proceedings and take an appeal).

ardson by the DOA Defendants in their *individual* capacities.

Under Section 36(2) of the Restatement (Second) of Judgments (which pertains to parties appearing in different capacities),

[a] party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of *res judicata* in a subsequent action in which he appears in another capacity.

Even if the DOA Defendants were privy to the 1992 settlement agreement, they would be bound by that consent decree only in their capacities as former representatives of Horizon bank. Here, the DOA Defendants are being sued in their *individual* capacities; therefore, they are not bound by principles of *res judicata*.[17]

VI. *THE DOA DEFENDANTS' AMENDED THIRD–PARTY CLAIMS ARE NOT BARRED BY STATUTES OF LIMITATIONS.*

■ Hurt Richardson argues that the amended third-party claims are all barred by statutes of limitations since "[t]he [DOA Defendants] filed their original third-party complaint on August 28, 1992, almost five years after the date of the last alleged wrongful act." Hurt Richardson's Brief, at 44. However, as a matter of law, third-party claims do not accrue until judgment is entered on the original claim. *See Jackson v. Southeastern Pennsylvania Transportation Authority*, 727 F.Supp. 965, 967 (E.D.Pa.1990) (under Rule 14, third-party plaintiffs' claim for contribution was not barred by statute of limitation since defendant had not yet paid or been held liable to original plaintiff).[18]

Therefore, the court finds that the statutes of limitations applicable to the DOA Defendants' third-party claims do not begin to run until, and only if, the DOA Defendants are found liable to the RTC in the original action, which has not yet been litigated.

VII. *THE DOA DEFENDANTS' CIVIL RICO CLAIM (COUNT I) FAILS TO PLEAD A PATTERN OF RACKETEERING ACTIVITY.*

■ Hurt Richardson urges that the DOA Defendants' amended third-party complaint fails to state a proper RICO claim. It contends that it fails to allege a "pattern of racketeering activity" as required by 18 U.S.C. § 1962. The court agrees. No such pattern of racketeering activity has been alleged. Therefore, the DOA Defendants' RICO claim is dismissed.[19]

■ To survive a Rule 12(b)(6) motion, a civil RICO claim must allege "(1) the conducting of, (2) an enterprise, (3) through a pattern, (4) of racketeering activity." *Marshall Silver Constr. Co. v. Mendel*, 835 F.2d 63, 65 (3d Cir.1987) citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). *See, also, H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989).

In *H.J. Inc.*, the Supreme Court analyzed the meaning of the term "pattern of racketeering activity," and found that "to prove a pattern of racketeering activity a plaintiff . . . must show that the racketeering predicates . . . are related, *and* that they amount to or pose a threat of continued criminal activity." *Id.* at 239, 109 S.Ct. at 2900 (emphasis in the original). Although the DOA Defendants

---

17. *See, also,* 76 C.J.S. § 51 (1952) (a release which is confined to particular matters or causes of action operates to release only such claims as fairly come within the terms of the release). The 1992 settlement and release executed by the RTC and Hurt Richardson was limited in scope to issues of liability that existed between Horizon and Hurt Richardson. It did not include, nor could it have included, those claims of liability that might have existed between Hurt Richardson and the DOA Defendants as individuals. Therefore, that agreement does not operate to release Hurt Richardson from any liability to the individual DOA Defendants.

18. *See, also, Mattia v. Sears, Roebuck & Co.*, 366 Pa.Super. 504, 531 A.2d 789, 792 (1987); and *Aetna Casualty and Surety Company v. Nationwide Mutual Insurance Company*, 471 F.Supp. 1059, 1067 (M.D.Pa.1979) *aff'd* 620 F.2d 287 (3d Cir.1980).

19. In light of this ruling, the court does not address Hurt Richardson's other arguments for dismissal of the DOA Defendants' RICO claim.

have alleged several "predicate acts" in their amended third-party complaint that arguably satisfy the relatedness prong of this pattern requirement, they have not averred sufficient allegations to show that these acts amount to or pose a threat of *continued* criminal activity.

In their amended third-party complaint, the DOA Defendants allege that the third-party defendants entered into a conspiracy "which had as its principal objective, the conversion, misappropriation and theft of money and property from Horizon by means of false and fraudulent acts, pretenses and misrepresentations." Amended Third–Party Complaint, at ¶ 123. Such pleading suggests that the third party defendants committed the alleged "predicate acts" with the intent to defraud *one* entity (Horizon) with regards to *one* contractual relationship (Brokers South's loans with Horizon, which were eventually consolidated under one agreement). However, a scheme having only one true victim generally does not meet the continuity requirement for a RICO claim. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1417–18 (3d Cir), *cert. denied*, — U.S. ——, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991).[20]

■■■ The DOA Defendants argue that there were several "victims" that fell prey to the third-party defendants' alleged fraudulent conduct. Indeed, they assert that all of the DOA Defendants may now be held personally liable for the losses sustained by Horizon as a result of the third-party defendants' actions. However, such a rationale cannot be the basis for alleging a "pattern of racketeering." The DOA Defendants have not averred that the third-party defendants committed fraudulent acts intending to defraud independent persons. Instead, they

allege only that the third-party Defendants intentionally defrauded Horizon, and, incidentally, the DOA Defendants sustained injury. Under third-party defendant's reasoning, any person/entity that defrauds a corporation may face RICO liability if there is resulting harm to the shareholders of that corporation. Federal Civil RICO law was never intended to reach so broadly. *See, H.J., Inc.*, 492 U.S. at 243, fn. 4, 109 S.Ct. at 2902, fn. 4.

The court also finds that there is no threat of repetition sufficient to establish an open-ended continuity pattern in this case. Here, the primary victim, Horizon, is in receivership; the corporation allegedly constituting the enterprise (Brokers South) is out of business; and Horizon has settled its claims with Hurt Richardson. *See, e.g., H.J., Inc.*, 492 U.S. at 241, 109 S.Ct. at 2901; *Olive Can Co. v. Martin*, 906 F.2d 1147, 1150–51 (7th Cir. 1990) (defendants' scheme to set up a sham corporation in order to divert funds from their original corporation and its creditors to benefit defendants was a close-ended activity with a natural ending and no threat of ongoing activity sufficient to constitute a pattern).[21]

VIII. *THE DOA DEFENDANTS' FRAUD/MISREPRESENTATION CLAIM (COUNT II) AND NEGLIGENT MISREPRESENTATION CLAIM (COUNT III) BOTH SATISFY THE PLEADING REQUIREMENTS UNDER FEDERAL RULES OF CIVIL PROCEDURE.*

■■■ Hurt Richardson moves to dismiss counts II and III of the amended third party complaint arguing that these fraud claims were not sufficiently pled pursuant to Federal Civil Procedure Rules 9(b)[22] and 8.[23] Spe-

---

**20.** *See, also, Meade v. Meade*, 1992 WL 6929 (E.D.Pa.1992) (Giles, J.); *Terry A. Lambert Plumbing, Inc. v. Western Sec. Bank*, 934 F.2d 976, 981 (8th Cir.1991); *Tellis v. U.S. Fidelity & Guar. Co.*, 826 F.2d 477 (7th Cir.1987); and *Nundy v. Prudential–Bache Sec., Inc.*, 762 F.Supp. 40, 44 (W.D.N.Y.1991).

**21.** *See, also, Aldridge v. Lily–Tulip, Inc.*, 953 F.2d 587 (11th Cir.1992); *Lange v. Hocker*, 940 F.2d 359 (8th Cir.1991); and *Ochs v. Shearson Leh-*

*man Hutton, Inc.*, 768 F.Supp. 418, 426 (S.D.N.Y.1991).

**22.** Federal Civil Procedure Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity ..."

**23.** Federal Civil Procedure Rule 8(a) requires that "[a] pleading ... shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief ..."

cifically, Hurt Richardson argues that "[t]he amended third-party complaint is a classic example of a 'scattershot' approach to pleading fraud ... in which the plaintiffs (in this case the third-party plaintiffs) throw out a massive number of 'factual' allegations (here 121 paragraphs), none or few of which constitute a cause of action in themselves, hoping that they will 'hit something' ..." *Id.* Such a method of pleading fraud, it contends, is barred under the Federal Rules of Civil Procedure. *Id.*

 Federal Civil Procedure Rule 9(b) requires

> plaintiff to plead with particularity the "circumstances" of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.

*Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* 742 F.2d 786, 791 (3d Cir.1984), *cert. denied,* 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985). Rule 9(b) does not dictate a precise method for pleading fraud claims with particularity. It also "does not render the general principles set forth in Rule 8 entirely inapplicable to pleadings alleging fraud; rather, the two rules must be read in conjunction with one another." 5 Wright & Miller, *Federal Practice & Procedure,* § 1298 at 617 (1990).

A review of the amended third-party complaint reveals that paragraphs 23 through 121 set forth a detailed transaction-by-transaction account of the alleged unlawful and fraudulent conduct allegedly perpetrated by each of the third-party defendants. These paragraphs detail how Hurt Richardson is alleged involvement in Brokers South's misuse of loan proceeds and sheltering of assets.[24] The court finds that plaintiffs have satisfied the particularity pleading requirement under Fed.R.Civ.P. 9(b).[25]

An appropriate order follows.

24. See third-party amended complaint at ¶¶ 37–49, 51–52, 59–60, 69–70, 71–76, 84–86, 92–93, 94, 96–97, 99, 101, 103, 105, 112, and 117.

25. Although Hurt Richardson would have the DOA Defendants repeatedly recite the specific

*ORDER*

AND NOW, this 2nd day of August, 1993, upon consideration of third-party defendant Hurt Richardson's motion to dismiss the amended third-party complaint, third-party plaintiffs response thereto, and the replies of the parties, it is hereby ORDERED that said motion is GRANTED in part and DENIED in part. Third-party plaintiffs' RICO claim (count I) is DISMISSED with prejudice.

conduct of each defendant under each fraud count averred in the complaint, rather than incorporate them by reference, such averments would only elongate the pleadings; that is not necessary and will not be required at this stage.